[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2012
JOHN LEY
CLERK

No. 11-15813
Non-Argument Calendar

_____

D.C. Docket No. 0:11-cv-60762-CMA

JONATHAN LEWIS,

Plaintiff-Appellant,

versus

THE BROWARD COUNTY SCHOOL BOARD,
in their Official and Individual capacities,
THE BROWARD COUNTY SUPERINTENDENT
OF THE SCHOOL BOARD,
ROCK ISLAND ELEMENTARY SCHOOL,
BRIAN MCKENTLY,
Para Professional,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(June 11, 2012)

Before EDMONDSON, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Jonathan Lewis, proceeding pro se, appeals from the district court's dismissal of his 42 U.S.C. § 1983 civil rights action, stemming from alleged sexual abuse he endured while he was in elementary school. Specifically, Lewis's complaint alleged that he had been sexually abused by Rock Island Elementary School teacher Brian McKently in 1988-89, when Lewis was 6 or 7 years old. On appeal, Lewis argues that: (1) at the time of the alleged sexual abuse, he was under 18 years old and, therefore, the state employees had a duty to protect his due process rights under both the United States and Florida Constitutions, and the reasons for which the district court dismissed his case have nothing to do with his claim; and (2) the statute of limitations is tolled, citing Florida Statute § 95.11. After careful review, we are compelled to affirm the district court's dismissal of his claim.

We review de novo a district court's sua sponte dismissal for failure to state a claim under § 1915(e)(2)(B)(ii), and view the allegations in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003). We apply Rule 12(b)(6) standards in reviewing dismissals under § 1915(e)(2)(B)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). Pro se pleadings are construed liberally and held

to a less stringent standard than pleadings drafted by attorneys. <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011).

In a § 1983 case brought in the forum state of Florida, the statute of limitations is four years. <u>Chappell v. Rich</u>, 340 F.3d 1279, 1283 (11th Cir. 2003). The question of when the limitations period begins to run is one of federal law. <u>Rozar v. Mullis</u>, 85 F.3d 556, 561 (11th Cir. 1996).

In general, once a limitations period has run, the action is barred, regardless of how meritorious a plaintiff's claims are. <u>Arce v. Garcia</u>, 434 F.3d 1254, 1260-61 (11th Cir. 2006). However, the doctrine of equitable tolling allows a court to toll the limitations period until it would be fair for the period on a plaintiff's claims to start running. <u>Id.</u> at 1261. The doctrine is applicable under circumstances where "[t]he interests of justice . . . weigh in favor of allowing a plaintiff to assert untimely claims if circumstances beyond the plaintiff's control prevented timely filing." <u>Id.</u> Equitable tolling, however, is an extraordinary remedy which is typically applied sparingly. <u>Id.</u> The plaintiff has the burden of showing that equitable tolling is warranted. <u>Id.</u>

While we are sympathetic to Lewis's allegations, we are bound to conclude that the district court did not err in dismissing Lewis's case. Lewis alleges that he was abused in 1988 or 1989 at the age of 6 or 7. Lewis was born in 1982, and is now 29 years old. Thus, even if the statute of limitations did not begin to run until 2000,

3

when he reached the age of majority at 18, he filed the present action on August 20, 2010, ten years after he reached majority and six years after 2004, when the statute of limitations had run.

We recognize that Florida law was revised to allow an action such as Lewis's to be commenced at any time. See Fla. Stat. § 95.11(9) (2010). The new limitations period does not apply, however, to actions that would have been time-barred on or before July 1, 2010. See id. Because the statute of limitations for Lewis's claim ran in 2004, the new limitations period would not apply to his claim. Moreover, as we note above, it is well established that § 1983 claims brought in Florida are subject to a four-year limitations period. Chappell, 340 F.3d at 1283. Accordingly, the statute of limitations bars his § 1983 civil rights claim.

Lewis also argues that, even if the statute of limitations does apply, the limitations period should have been tolled because he was mentally incompetent. However, mental incapacity is not a per se reason to toll a statute of limitations and the mental impairment must have affected the petitioner's ability to file a timely petition. See Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (finding that there must be a causal connection between mental capacity and the ability to file a timely habeas petition for equitable tolling to apply). Here, the district court reviewed Lewis's juvenile records, psychological evaluations and outpatient records,

4

and concluded that they "do not support [a] finding of mental incompetency of a sufficient nature to prevent him from filing this lawsuit at an earlier date." Lewis has failed to dispute this finding, or make any showing that he was unable to file a petition within four years of turning 18, and therefore has not met his burden of showing why equitable tolling should apply. Based on this sparse record, then, we are compelled to conclude that even if Lewis's allegations of sexual abuse are meritorious, the district court did not err in determining that the statute of limitations should not be equitably tolled. Accordingly, we affirm.

**AFFIRMED.**