[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10956
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-01769-CAP

GREGORY C. KAPORDELIS,

Plaintiff-Appellant,

versus

EDWARD CARNES,
GERALD B. TJOFLAT,
J.L. EDMONDSON,
STANLEY F. BIRCH, JR.,
JOSEPH M. HOOD,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 24, 2012)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Gregory Kapordelis, a federal prisoner, appeals *pro se* from the district court's dismissal of his *Bivens* action brought against five defendants, all appellate judges, as frivolous on absolute immunity grounds.   On appeal, Kapordelis argues that the district court erred by: (1) extending judicial immunity to his suit seeking only declaratory relief; and (2) failing, upon his motion, to recuse the district and magistrate judges from considering the case.   After review, we affirm.

I.

We review a district court's *sua sponte* dismissal of a complaint for frivolity under 28 U.S.C. § 1915A for abuse of discretion.   *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).   A claim is frivolous "if it lacks an arguable basis either in law or in fact." *Id*.   We will not disturb a district court's decision on abuse of discretion review if its decision falls within a range of permissible choices, and it is not influenced by a mistake of law.   *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

Here, Kapordelis has alleged that two separate appellate panels abused judicial process in deciding his appeals.   The first panel affirmed his criminal convictions for child pornography.   He argues that the panel denied him due process when it declined to consider key facts.   He also alleges that the panel was

2

motivated by a desire to protect the U.S. Attorney's Office.   The second panel decided his appeal from a dismissal of a separate *Bivens* action.

This Court has indicated that, in a *Bivens* action, a federal judge retains absolute immunity against injunctive relief, and § 1983 "limit[s] the relief available to plaintiffs to declaratory relief."   *Bolin v. Story*, 225 F.3d 1234, 1241-42 (11th Cir. 2000).   We need not reach this issue, however, because Kapordelis is not entitled to declaratory relief, as he possesses an adequate remedy at law: Kapordelis may pursue Supreme Court review of the challenged decisions. *See Bolin*, 225 F.3d at 1242-43 ("plaintiffs are not entitled to declaratory relief [when] there is an adequate remedy at law").   Furthermore, Kapordelis's conclusory allegations of bias against the circuit judges and visiting district judge who heard his prior appeals are insufficient to make out a constitutional violation. Therefore, the district court did not abuse its discretion in denying Kapordelis's *Bivens* claim as frivolous.

## II.

We review a judge's failure to recuse himself for an abuse of discretion. *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990).   When reviewing a failure to recuse under 28 U.S.C. § 455(a), the test is whether an "objective, disinterested, lay observer . . . would entertain a significant doubt about

3

the judge's impartiality." *McWhorter*, 906 F.2d at 678 (quotation omitted). A judge's rulings in the same or a related case generally may not serve as the basis for recusal, absent a showing of "pervasive bias and prejudice." *McWhorter, 906 F.2d at 678*.

Here, pervasive bias has not been shown. Kapordelis's arguments that recusal was required are based solely on decisions rendered in a previous case. Further, his allegations of prejudice are wholly conclusory. The conclusory allegations fail to meet the objective standards for recusal under either 28 U.S.C. § 144 or § 455(a). *McWhorter*, 906 F.2d at 678. It was therefore not an abuse of discretion for the district court to deny the recusal motion.

**AFFIRMED.**