[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 02, 2011
JOHN LEY
CLERK

No. 09-10349

_____

D. C. Docket No. 08-00152-CV-WLS-1

RANDALL BINGHAM,

Plaintiff-Appellant,

versus

DARLENE THOMAS, Officer,
PAULA ISOM, Officer,
MARTY ALLEN,
D/W of Security,
CHRISTOPHER RAILEY,
D/W of Care and Treatment,
JIM RIGSBY,
D/W of Administration, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 2, 2011)

Before HULL and FAY, Circuit Judges, and VINSON,[*] District Judge.

PER CURIAM:

Randall Bingham, a Georgia state prisoner proceeding pro se, appeals the district court's sua sponte dismissal, under 42 U.S.C. § 1997e(a) and 28 U.S.C. § 1915A, of his 42 U.S.C. § 1983 civil rights action. On appeal, Bingham argues that the district court erred in dismissing the following claims: (1) that the defendants, 13 Georgia Department of Corrections officials at Autry State Prison in Pelham, Georgia, deliberately ignored his requests for dental treatment and left him in serious pain constituting cruel and unusual punishment; (2) that the prison nurse, Laquetia Fowler, denied him prescribed aspirin; (3) that he was denied a prison rule book, which violated his right to understand the grievance procedures; (4) that the prison had inadequate grievance procedures; and (5) that prison guards opened his cell to allow inmates to steal his property.[1] After careful review, we affirm in

---

[*]Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

[1]In his complaint, Bingham also alleged the following claims: (1) Officer Paula Isom refused to allow him to attend a follow-up appointment, although another officer allowed him to visit the medical unit later that same day; (2) the prison librarian denied him access to the prison's rules and regulations and refused to notarize his affidavit statements; (3) he was in "imminent danger" of becoming illiterate from guards asking him how to spell words, becoming a drug addict from drugs sold in prison, and "catching cancer" from inmates using illegal cell phones; (4) he was forced to stand for "count," a process in which prison officials count the inmates and this denied him proper sleep; (5) the defendants caused homosexual activity by taking away Playboy Magazines from inmates and not prosecuting inmates who raped other inmates; and (6) Sergeant Mia Palmer placed his life at risk by telling inmates who robbed him that he was giving statements against them. We will not discuss these claims further because

part and vacate and remand in part.

We review <u>de novo</u> a district court's interpretation and application of 42 U.S.C. § 1997e(a)'s exhaustion requirement. <u>Johnson v. Meadows</u>, 418 F.3d 1152, 1155 (11th Cir. 2005). We review the district court's factual findings for clear error. <u>Chandler v. Crosby</u>, 379 F.3d 1278, 1288 (11th Cir. 2004). We review a district court's <u>sua sponte</u> dismissal of a complaint based on frivolity, under 28 U.S.C. § 1915A, for abuse of discretion. <u>Miller v. Donald</u>, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may dismiss <u>sua sponte</u> a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). A claim is frivolous "if it lacks an arguable basis either in law or in fact." <u>Miller</u>, 541 F.3d at 1100 (quotations omitted).

Previously, we have held that we accept allegations in a complaint as true and construe them in the light most favorable to the plaintiff. <u>White v. Lemacks</u>, 183 F.3d 1253, 1255 (11th Cir. 1999). In <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), the Supreme Court held that, in order to survive a motion to dismiss, the complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level," on the assumption that all the allegations in the complaint are true. "<u>Pro se</u> pleadings are held to a less stringent standard than

Bingham has not raised them on appeal, and therefore, has abandoned them. <u>See</u> <u>Horsley v. Feldt</u>, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002).

3

pleadings drafted by attorneys" and are liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Procedurally, the Prison Litigation Reform Act ("PLRA") provides: "No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). "An inmate incarcerated in a state prison, thus, must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).

The Supreme Court has held that the "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). A complaint may be dismissed if an affirmative defense, such as failure to exhaust, appears on the face of the complaint. See id. at 215. Otherwise, exhaustion and other affirmative defenses must be raised in a responsive pleading. See id. at 211-14.

Substantively, "[t]o prevail on a claim under § 1983, a plaintiff must demonstrate both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). The Eighth Amendment of the United States Constitution forbids "cruel and unusual punishments." U.S. Const. amend. VIII. The Eighth Amendment is applicable to the states through the Fourteenth Amendment. Chandler, 379 F.3d at 1288 n.20. The Supreme Court has interpreted the Eighth Amendment to include "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Every claim by a prisoner that he did not receive medical treatment, however, is not a violation of the Eighth Amendment. Id. at 105.

To prevail on a claim of inadequate medical treatment, a prisoner must satisfy an objective and a subjective requirement. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). The plaintiff must show an "objectively serious deprivation" of medical care by demonstrating (1) "an objectively serious medical need . . . that, if left unattended, poses a substantial risk of serious harm," and (2) that the prison official's response "to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice

5

actionable under state law." Id. (quotations, brackets, and citations omitted). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotations omitted).

A prisoner must also show a prison official's subjective intent to punish by demonstrating that the official acted with deliberate indifference. Taylor, 221 F.3d at 1258. To satisfy this requirement, a prisoner must show the prison official's: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004). Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all. Id. A "complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106.

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). Likewise, a defendant who delays necessary treatment

for non-medical reasons may exhibit deliberate indifference. Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds by Hope v. Pelzer, 536 U.S. 730 (2002). An Eighth Amendment violation may also occur when state officials knowingly interfere with a physician's prescribed course of treatment. Young v. City of Augusta, Ga., 59 F.3d 1160, 1169 n.17 (11th Cir. 1995).

First, we agree with Bingham—and the state concedes—that the district court erred in dismissing without prejudice Bingham's dental treatment claim, under 42 U.S.C. § 1997e(a), on the basis that it was "clear from the face of the complaint" that Bingham had not exhausted his administrative remedies with regard to this claim. In the complaint, Bingham alleged that he had filed several grievances with prison officials and sent appeals to Atlanta. In light of these allegations, we do not think it is clear whether Bingham in fact exhausted his administrative remedies, and vacate and remand for the district court to conduct further proceedings with respect to this claim, including an assessment of the sufficiency of the claim itself.[2]

---

[2]In his supplemental brief, Bingham argues that the district court erred because he alleged that the administrative remedies were unavailable and, even if the remedies were available, this Court should hold that Bingham's substantial compliance with the administrative remedies satisfied the PLRA's exhaustion requirement. These arguments are properly addressed to the district court on remand.

However, we find no merit in Bingham's remaining claims. The district court did not abuse its discretion in dismissing Bingham's denial of prescribed aspirin claim as frivolous, under 28 U.S.C. § 1915A, on the basis that Bingham failed to state a medical condition or plead an injury from being denied the aspirin. The allegations in the complaint surrounding this claim fail to specify his pain or medical condition, plead any injury, or explain the circumstances surrounding the denial of the aspirin by Nurse Fowler. Accordingly, Bingham failed to allege the sort of medical need necessary to establish a claim of cruel and unusual punishment, and the district court did not abuse its discretion in dismissing this claim. See Taylor v. Singletary, 148 F.3d 1276, 1285 (11th Cir. 1998) (holding that a "bare, conclusory allegation . . . [was] insufficient, without more, to warrant further evidentiary consideration").

To the extent Bingham seeks to assert a separate and independent claim for damages for denial of his own copy of the prison rule book, the district court did not abuse its discretion in dismissing Bingham's claim as frivolous under 28 U.S.C. § 1915A. Bingham claims that the denial of a rule book violated his due process rights, but he has failed to establish how an inmate's failure to individually receive a prison rule book involves a life, liberty, or property interest. Kirby v. Siegelman, 195 F.3d 1285, 1290 (11th Cir. 1999) (in order for an inmate to

8

establish a violation of the due process clause, he must show that the action complained of deprived him of life, liberty, or property within the meaning of the Fourteenth Amendment).[3]

Moreover, as various circuits have held when ruling on an inmate's claim that he was denied use of a prison's grievance procedure, an inmate has no constitutionally-protected liberty interest in access to that procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (holding that federal prison administrative remedy procedures "do not in and of themselves create a liberty interest in access to that procedure," and that "the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance"); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("[t]here is no legitimate claim of entitlement to a grievance procedure"); see also Doe v. Moore, 410 F.3d 1337,

---

[3]We recognize that the failure to receive a prison rule book conceivably could implicate an inmate's due process rights if this failure somehow denied him access to the courts. However, to state a claim of denial of access to courts, an inmate must allege some prejudice caused by the denial. Lewis v. Casey, 518 U.S. 343, 351 (1996). Where the basis of the complaint is the denial of legal resources, he must allege that this denial "hindered his efforts to pursue a legal claim." Id. Bingham's complaint readily admits that he reviewed a copy of the prison's grievance policy from a fellow inmate, and thus could not have suffered any prejudice from the prison's alleged failure to provide him with his own copy.

9

1350 (11th Cir. 2005) ("State-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory.") (quotations omitted).

Because we agree with our sister circuits that a prison grievance procedure does not provide an inmate with a constitutionally protected interest, we likewise reject Bingham's argument that the district court abused its discretion in dismissing Bingham's claim that the prison's grievance procedures were inadequate as frivolous under 28 U.S.C. § 1915A.

Finally, we are unpersuaded that the district court abused its discretion in dismissing Bingham's claim that prison guards allowed inmates to steal his property as frivolous, because Bingham did not provide any details to support this claim, such as the names of the guards or inmates involved in these instances of theft. Thus, his conclusory allegations were insufficient to survive the frivolity screening. See Taylor, 148 F.3d at 1285.

Accordingly, we vacate the dismissal of the dental treatment claim and remand for further proceedings consistent with this opinion, and affirm the dismissal of Bingham's remaining claims.

**VACATED AND REMANDED IN PART, AFFIRMED IN PART.**

10