[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 8, 2012
JOHN LEY
CLERK

No. 11-13647
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cv-00017-CDL-MSH


TARVIN JERNARD,

                                                            Plaintiff-Appellant,

versus

COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS,
WARDEN, MUSCOGEE COUNTY PRISON,
GETER BOONE,
Deputy Warden for Security, Muscogee County Prison,
FERNANDO RICHARDS,

                                                            Defendants-Appellees.
_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 8, 2012)

Before BARKETT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Tarvin Jernard, a state prisoner proceeding *pro se*, appeals the district court's order denying his motion for a preliminary injunction with respect to his civil rights action brought under 42 U.S.C. § 1983.  In the motion seeking injunctive relief, Jernard seeks to enjoin defendant prison officials from violating his First and Fourteenth Amendment rights by denying him access to certain legal documents.  Jernard was denied access to a self-help legal manual because, in the prison warden's opinion, the manual was "too large."[1]  He was further denied access to photocopies of legal forms because they did not come from the publisher itself or an attorney of record, as required by the prison regulations.

A district court may grant preliminary injunctive relief only if the moving party shows that:

> (1) it has a substantial likelihood of success on the merits;
> (2) irreparable injury will be suffered unless the injunction issues;
> (3) the threatened injury to the movant outweighs whatever damage
> the proposed injunction may cause the opposing party; and (4) if
> issued, the injunction would not be adverse to the public interest.

*Keeton v. Anderson-Wiley*, No. 10-13925, slip op. 734, 736 (11th Cir. Dec. 16, 2011).  A preliminary injunction is considered "an extraordinary and drastic

---

[1] Specifically, the Warden cited the Georgia Department of Corrections Standard Operating Procedure (GDOC SOP) IIB06-0001(I) which clearly states that inmate property must be "limited to quantities which can be neatly and safely stored in the inmate's locker or storage area, so long as the property does not pose a fire, sanitation, security or housekeeping problem."

remedy," which should not be granted unless the movant clearly establishes that he has satisfied all four requisites. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (*en banc*) (quotation omitted).

We review the decision to deny a preliminary injunction for abuse of discretion. *Scott v. Roberts*, 612 F.3d 1279, 1289 (11th Cir. 2010). In so doing, we review the findings of fact of the district court for clear error and legal conclusions *de novo*. *Id.* However, in First Amendment cases, we review a district court's decision to deny a preliminary injunction under a unique abuse of discretion standard: ordinary historical facts are reviewed for clear error and include the "who, what, where, when and how of the controversy." *Keeton*, slip op. at 736 (quotation omitted). Constitutional facts are reviewed *de novo* and include "the crucial or ultimate facts" that determine whether the defendant's actions violated the First Amendment. *Id.* (quotation omitted).

Irreparable injury "is the *sine qua non* of injunctive relief." *Siegel*, 234 F.3d at 1176. On appeal, Jernard asserts that he has satisfied the four requirements necessary for a preliminary injunction motion to be granted, and specifically argues that he is threatened with irreparable harm to his First Amendment rights to

3

access to the courts and to receive mail in prison.[2]  However, Jernard fails to show

how he will suffer irreparable harm in being denied access to this *specific* legal

manual.  As Jernard himself asserts, he is "a paralegal and the law library aid for

this prison."  Therefore, he has access to the law library and, presumably, other

legal self-help manuals.  While we agree that access to legal materials and to

courts is a constitutional right, and, under certain circumstances, states have an

affirmative obligation to ensure that indigent prisoners have a fair opportunity to

present their legal claims by assisting inmates in the preparation of various legal

papers and providing them with adequate law libraries or other assistance,

*Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006), in order to show actual

injury a prisoner must show that his "efforts to pursue a nonfrivolous claim were

frustrated or impeded by a deficiency in the prison library or in a legal assistance

program."  *Id.*  Jernard's proffers in this regard do not show a depravation of

constitutional magnitude, or explain the irreparable injuries that would flow from

the denial of access to this particular book and to these particular photocopied

---

[2] Although a prisoner "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system," *Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008), it is well established that "the Constitution sometimes permits greater restriction of [First Amendment] rights in a prison than it would allow elsewhere." *Beard v. Banks*, 548 U.S. 521, 528 (2006).

documents.[3]  Notably, "[t]he burden of persuasion in all of four requirements is at all times upon the plaintiff." *United States v. Jeferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983).   Thus, the "irreparable injury," prong which is necessary to sustain a grant of a preliminary injunction, cannot be satisfied with respect to Jernard's First Amendment claims.

*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed.  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).  However, to the extent that Jernard is also making a claim of substantive due process under the Fourteenth Amendment, such a claim does not exist where constitutional amendment covers the right at issue.  *Graham v. Connor*, 490 U.S. 386, 395 (1989).  To the extent that Jernard is making a claim of procedural due process, he must demonstrate: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process.  *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003).  This Court has specifically held that there is no constitutionally-protected liberty interest in access to a grievance procedure provided for

---

[3] Although there appears to be a factual dispute, unresolved in the record, as to whether the photocopied documents at issue were otherwise available in the law library, this dispute does not affect the court's ruling that Jernard has failed to state a claim of irreparable injury sufficient to support a grant of a preliminary injunction.

voluntarily by a prison. *Bingham*, 654 F.3d at 1177-78.

Because a failure to satisfy one of the preliminary injunction requirements is dispositive, we hold that the district court did not abuse its discretion in denying Jernard's motion.

**AFFIRMED.**