[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13393
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 9, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:09-cv-00069-DHB-WLB


ARNOLD VERNARD PORTER,

Plaintiff - Appellant,

versus

DR. WILLIAM SIGHTLER,
MD,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 9, 2012)


Before TJOFLAT, EDMONDSON, and CARNES, Circuit Judges.

PER CURIAM:

Arnold Porter, proceeding pro se,[1] appeals the district court's dismissal of his 42 U.S.C. § 1983 claim against William Sightler, a prison physician and Porter's primary care provider at Wheeler Correctional Facility in Alamo, Georgia. The district court dismissed the case without prejudice, finding that Porter had not properly exhausted his administrative remedies as required by the Prison Litigation Reform Act.

I.

While incarcerated at Wheeler, Porter suffered a heart attack on October 15, 2007. He filed an informal grievance with the prison's grievance coordinator on April 14, 2008, alleging that Dr. Sightler caused his heart attack by providing improper care. Because Porter filed that informal grievance six months after his heart attack, the grievance coordinator rejected it as untimely under the prison's three-step grievance procedure. That procedure is: (1) if a Wheeler inmate has a complaint against prison staff, that inmate must first file an informal grievance within ten days of the event about which he complains, but the ten-day time limit may be waived upon a showing of good cause; (2) if the informal grievance does not resolve the inmate's complaint, he may file a formal complaint with the

---

[1] Porter was represented by an attorney for part of the proceedings in this case, but that attorney eventually filed a motion to withdraw as counsel, which the court granted.

prison's warden; and (3) if the warden denies the formal complaint, the inmate may appeal to the Georgia Department of Corrections' central office.

After the rejection of his informal grievance as untimely filed, Porter filed a 42 U.S.C. § 1983 complaint in federal district court against Dr. Sightler. He alleged that the doctor's deliberate indifference to his serious medical needs, which ultimately caused his heart attack, was cruel and unusual punishment in violation of the Eighth Amendment and a violation of his Fourteenth Amendment right to due process. Dr. Sightler moved for summary judgment, based in part on Porter's failure to exhaust his administrative remedies as required by the PLRA. The district court treated that motion as a motion to dismiss and dismissed the case without prejudice because it found that Porter had not timely filed an informal grievance and had not shown good cause for his untimely filing. This appeal followed.

## II.

Under the PLRA, "a prisoner confined in any jail, prison, or other correctional facility" cannot bring a § 1983 action "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Therefore, when a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the

3

remedies available under that procedure before pursuing a § 1983 lawsuit." Bryant v. Rich, 530 F.3d 1368, 1372 (11th Cir. 2008) (quotation marks omitted). To properly exhaust their administrative remedies, state "[p]risoners must timely meet the deadlines or the good cause standard of [the state's] administrative grievance procedures before filing a federal claim." Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

The failure to exhaust administrative remedies is an affirmative defense under the PLRA, Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2005), which is treated as a matter in abatement, Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). The defendant should raise that defense in a motion to dismiss or the court should treat it as such if the defendant raises it in a motion for summary judgment. Bryant, 530 F.3d at 1375. And because "exhaustion is nothing more than a precondition to an adjudication on the merits," the district court may resolve factual disputes if the parties have had a "sufficient opportunity to develop a record." Id. at 1374, 1376.

We review de novo the dismissal of a lawsuit for failure to exhaust administrative remedies under the PLRA, Parzyck v. Prison Health Servs., Inc., 627 F.3d 1215, 1217 n.2 (11th Cir. 2010), but we review for clear error the court's factfindings, Bryant, 530 F.3d at 1377.

4

## III.

The district court did not clearly err in finding that Porter, without good cause, untimely filed his informal grievance. He filed that grievance, which listed October 15, 2007, as the date of Dr. Sightler's alleged misconduct, on April 14, 2008—obviously not within ten days of October 15, 2007. There is no evidence in the record that Porter ever requested or was granted a good-cause waiver for the untimely filing. Nor has Porter alleged what that good cause might be. Because he untimely filed his informal grievance without good cause, he did not exhaust his administrative remedies.

Porter asks us to excuse his failure to exhaust his administrative remedies, asserting that, but for his attorney's malpractice, he would have filed an affidavit swearing that he had requested and was denied a formal grievance within ten days of October 15, 2007. Porter did not mention that request and denial in his complaint or in his deposition, and there is no evidence in the record showing that he actually made such a request. We will not allow him to file that affidavit now because it was not before the district court and would not show that the court clearly erred in finding that he filed his informal grievance untimely and without good cause.

**AFFIRMED.**

5