[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11165
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2012
JOHN LEY
CLERK

D.C. Docket Nos. 8:10-cv-02283-RAL-MAP; 8:08-cr-00149-RAL-MAP-1

OTIS CARDEN,

                                                    Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 26, 2012)

Before TJOFLAT, EDMONDSON and BARKETT, Circuit Judges.

PER CURIAM:

Otis Carden, a federal prisoner proceeding pro se, appeals the district

court's denial of his 28 U.S.C. § 2255 motion to vacate his life sentence, imposed

for the offense of possessing methamphetamine with intent to distribute, on the

ground that his trial attorney was constitutionally ineffective in failing to object

when the trial judge ordered Carden to remain shackled in the presence of the jury

throughout his trial.

In order to succeed on a claim that counsel provided ineffective assistance

by failing to object to a defendant's physical restraint during trial, a defendant

must show a reasonable probability that the outcome of his trial would have been

different if his counsel had objected.[1]  See Strickland v. Washington, 466 U.S.

668, 695 (1984); Marquand v. Sec'y for Dep't of Corr., 429 F.3d 1278, 1313 (11th

Cir. 2005).  Here, Carden argues that his counsel's failure to object to his

shackling prejudiced him, first, because the jury saw his shackles during trial, see

Deck v. Missouri, 544 U.S. 622, 633 (2005) (noting that defendant's appearance in

---

[1] The government contends that we should not address the merits of Carden's ineffective assistance of counsel claim because, it argues, Carden's brief addresses issues other than those for which the Certificate of Appealability was granted and does not adequately raise the ineffectiveness argument.  However, we construe pro se pleadings liberally under "a less stringent standard than pleadings drafted by attorneys."  Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).  Further, we may strike those portions of briefs presenting arguments outside the Certificate of Appealability while considering those arguments addressed to the issue that has been certified.  See Hodges v. Atty Gen., 506 F.3d 1337, 1341-42 (11th Cir. 2007).  Here, we find that Carden's pro se brief adequately raises his ineffective assistance of counsel claim because the heading of his argument refers to counsel's efficacy, he argues that counsel was ineffective in failing to object to the leg shackles, and he contends that he was harmed by this ineffectiveness.  To the extent that Carden raises claims outside of the certified issue, we do not address them.

shackles "almost inevitably affects the jury's perception" of the defendant), and second, because the shackles deterred him from testifying in his own defense.

As to Carden's first claim, the district court discredited Carden's affidavits suggesting that the shackles were visible to the jury, and found that the jury was not able to see Carden's shackles because the defense table was covered with a floor-length drapery.[2]  We review this finding for clear error, see McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011), and conclude that nothing in the record or in Carden's appeal establishes that this finding was clearly erroneous. Therefore, we reject Carden's claim that he was prejudiced because the jury saw his shackles during trial.

Carden also argues that he was prejudiced by counsel's failure to object to his shackles because Carden declined to testify in his own behalf out of concern that the shackles would become prominently visible to the jury from the witness stand and that the shackles would damage his credibility before the jury. However, the record fails to support that Carden made any effort to testify without the shackles, or to advise his lawyer that he wanted to testify.  Indeed, when asked by the district court whether his decision not to testify was his own, Carden

---

[2] We need not address the deficiency component of Carden's ineffective assistance claim if we conclude that he is unable to show that he was prejudiced by the alleged deficiency.  See Strickland, 466 U.S. at 697.

acknowledged that it was, and stated that he was satisfied with the advice given by his attorney. This record provides no factual basis for Carden's claim that he decided not to testify because of the shackles.

**AFFIRMED**