[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14175
Non-Argument Calendar

_____

D.C. Docket No. 2:11-cv-02693-VEH-PWG

DONALD BISHOP,

Plaintiff-Appellant,

versus

PICKENS COUNTY JAIL,
SHERIFF DEPT.,
CITY COMMISSION,
DAVID ABSTON,
Jailer,
DEBRA ABSTON,
Jailer, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 31, 2013)

Before CARNES, HULL, and MARCUS, Circuit Judges.

PER CURIAM:

Donald Bishop, an Alabama prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his amended civil rights complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief.  Bishop's amended complaint, filed under 42 U.S.C. § 1983, alleged that the defendants acted with deliberate indifference to his serious medical needs by failing to properly diagnose and treat a staph infection while he was being held as a pretrial detainee at the Pickens County Jail, and that the inadequate medical care he received resulted in permanent physical injuries.[1]  On appeal, Bishop contends that the district court erred in dismissing his complaint because the defendants' actions in response to his medical needs were grossly incompetent.[2]

We review de novo a district court's sua sponte dismissal of a complaint under § 1915A for failure to state a claim.  Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278–79 (11th Cir. 2001).  Section 1915A requires district courts to dismiss prisoner complaints against government entities and officials that are frivolous, malicious, or fail to state a claim upon which relief may be granted.  28 U.S.C. §

---

[1] Although Bishop asserted his claim under the Eighth Amendment, claims of deliberate indifference to the medical needs of pretrial detainees, as opposed to convicted prisoners, are governed by the Due Process Clause of the Fourteenth Amendment.  See Andujar v. Rodriguez, 486 F.3d 1199, 1203 n.3 (11th Cir. 2007).  That distinction, however, is irrelevant for purposes of this appeal because deliberate-indifference claims are subject to the same standards under the Eighth and Fourteenth Amendments.  See id.

[2] Bishop also challenges the district court's alternative finding that his complaint is barred by the applicable two-year statute of limitations, arguing that he mistakenly listed the wrong relevant dates in his complaint.  We need not address the statute-of-limitations issue because we agree with the district court's conclusion that Bishop failed to state a constitutional claim for deliberate indifference to a serious medical need.

1915A(a), (b)(1).  To avoid dismissal of a complaint for failure to state a claim, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).

A prisoner asserting a constitutional claim for inadequate medical treatment must show an "objectively serious deprivation" of medical care by demonstrating "(1) an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and (2) that the [defendants'] response to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law."  Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (quotation marks and ellipsis omitted).  The prisoner must also demonstrate that the defendants acted with deliberate indifference by showing that they subjectively knew of the risk of serious harm and disregarded that risk "by conduct that is more than mere negligence."  Id. (quotation marks omitted).  Conduct that is more than merely negligent includes "grossly inadequate care," "a decision to take an easier but less efficacious course of treatment," and "medical care that is so cursory as to amount to no treatment at all."  Id.  Mere negligence "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment."  Id. (quotation marks omitted).

Bishop's amended complaint does not state a plausible constitutional claim against the defendants for deliberate indifference to a serious medical need. In that complaint, Bishop alleges that after one of his cellmates at the Pickens County Jail contracted a staph infection and was removed from the cell, boils began to appear on Bishop's right arm, elbow, and neck; his nose swelled to four times its normal size; and he later injured his arm during a fall. He asserts that the defendants denied him appropriate medicine and bandages, misdiagnosed him with tuberculosis, and that his boils did not clear up until he was transferred to the Alabama Department of Corrections two years later, where he received successful treatment.

Bishop's complaint and attached exhibits also document ongoing attempts by medical staff at the jail to diagnose and treat his conditions, including multiple examinations by nurses, doctors, and an outside skin specialist; the prescription of sinus medications, antibiotics, and Ibuprofen; an x-ray on his arm, which showed no evidence of dislocation or fractures; two biopsies to determine the cause of his boils; and eventual surgery to remove a boil or lesion from his right elbow. Those actions show a good-faith effort by prison staff to address Bishop's medical needs, and his factual allegations do not establish that any errors made in diagnosing or treating his staph infection were the result of anything more than mere negligence, which is not sufficient to state a claim for deliberate indifference. The question of

4

whether Bishop should have received different diagnostic tests or treatments is "not an appropriate basis for grounding liability" on a deliberate-indifference claim.  See Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995).  We therefore affirm the dismissal of Bishop's amended complaint under § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**AFFIRMED.**