McMlLLIAN, Judge,
concurring specially
Although I agree with the result reached and Division 3,1 do not agree with all that is said in Divisions 1 and 2; accordingly, this case is physical precedent only with respect to those divisions. See Court of Appeals Rule 33 (a). Further, I write separately as to Division 2 (b) (iii) so as to clarify why I believe that the trial court erred by granting summary judgment to Dr. Pope on appellants’ claims under 42 USC § 1983.
Under longstanding federal precedent, jail officials or others charged with an inmate’s or detainee’s care who are aware that the inmate or detainee may suffer from a severe form of alcohol withdrawal cannot simply ignore such risk until it becomes a “manifest emergency.” Harper v. Lawrence County, Ala., 592 F3d 1227, 1235 (II) (B) (1) (b) (11th Cir. 2010), citing Lancaster v. Monroe County, Ala., 116 F3d 1419, 1426 (11th Cir. 1997). Thus, as the majority states, the right to medical treatment under these circumstances is clearly established. And, unlike the other defendants, there is no question that Dr. Pope had subjective knowledge not only that Carol would undergo alcohol withdrawal, but also that her symptoms could progress to the point that she could suffer severe, potentially life-threatening, alcohol withdrawal, including the condition known as delirium tremens.
The question then becomes whether Dr. Pope disregarded the risk, and if so, did her conduct pass the high hurdle necessary to show deliberate indifference as opposed to “mere” negligence. Jackson v. West, 787 F3d 1345, 1353 (II) (11th Cir. 2015). “Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all.” Bingham v. Thomas, 654 F3d 1171, 1176 (11th Cir. 2011). Here, I do not believe Dr. Pope initially disregarded the risk; to the contrary, she prescribed Carol appropriate medication to decrease the risk that her alcohol withdrawal would become so severe as to be life-threatening. Thus, as it pertains to the § 1983 claim, and regardless of whether her actions or inactions may have constituted medical negligence, I find it of little import that Dr. Pope did not personally examine Carol or conduct a thorough review of her medical history at the beginning of her detention since she did recognize her condition and prescribe appropriate medication to treat it.
*375 Decided July 15, 2016
Reconsiderations denied July 28, 2016
Gillen, Withers &Lake, Thomas A. Withers; Ronald J. Poirier, for appellants.
Hall Booth Smith, M. Beth Boone, Steven P. Bristol, Madeline J. Mitchell; Oliver Maner, Benjamin M. Perkins, for appellees.
However, I agree with the majority that Dr. Pope’s failure to provide any medical care or supervision to Carol after she refused to take her medications, beyond canceling the orders for the medication so the medical personnel at the jail would not have to continue to offer it to her, crossed the line from medical negligence into deliberate indifference. There is no evidence that Dr. Pope made any inquiries about the severity of Carol’s alcohol withdrawal symptoms when she was notified that Carol refused to take her medications or that she notified the staff to be alert for such worsening symptoms, even though Carol was at the point in time when her withdrawal symptoms could become more severe. Nor is there any evidence that Dr. Pope made any other effort to ascertain Carol’s condition, either by examining her or questioning the staff about her condition, at any point after Carol quit taking the medication. Dr. Pope had the responsibility of undertaking such supervision under the THRX “specific protocols” for inmates undergoing withdrawal, which also required that inmates experiencing severe, life-threatening alcohol withdrawal be transferred immediately to a medical facility Thus, although it is true, as Dr. Pope testified in her deposition, that she could not force Carol to take her medications, that does not mean she could become indifferent, to Carol’s condition if she refused the prescribed medication, or that she could not have taken other steps, such as having her transported to a medical care facility for treatment. Accordingly, I agree with the majority that under these facts, it is for a jury to determine if Dr. Pope’s actions or failure to act constituted grossly inadequate care or medical care that was so cursory as to amount to no treatment at all.