[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14893
Non-Argument Calendar

_____

D.C. Docket No. 3:14-cv-01319-MMH-MCR

TROY R. JACKSON,

Plaintiff-Appellant,

versus

OFFICER GRIFFIN,
Individual Capacity,
SGT. SEAN JOHNSON,
a.k.a. Rocksteady,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 15, 2019)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Troy Jackson, a Florida prisoner proceeding *pro se*, appeals from the dismissal of his amended 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act ("PLRA").  On appeal, he argues that the district court erred because he submitted his administrative appeal within the 15-day time limit, and any delay in prison officials processing the appeal was outside of his control.

We review *de novo* the district court's dismissal of suit for failure to exhaust available administrative remedies under the PLRA.  *Bingham v. Thomas*, 654 F.3d 1171, 1174 (11th Cir. 2011).  *Pro se* filings are held to a less stringent standard than those drafted by attorneys and are liberally construed.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

The PLRA provides that no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner until the prisoner has exhausted his administrative remedies.  42 U.S.C. § 1997e(a).  To "properly exhaust" his administrative remedies, a prisoner must complete the administrative review process, as set forth in the applicable prison grievance process.  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  A prisoner cannot satisfy the exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal.  *Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006).

In determining whether a prisoner has exhausted his administrative remedies, the district court applies a two-step process. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). First, the court determines whether the factual allegations in the complaint conflict with the defendants' response and, if so, takes the plaintiff's facts as true. *Id.* Second, if the complaint is not subject to dismissal at the first step, the court makes specific findings to resolve the disputed facts, and the defendant bears the burden of proving that the prisoner failed to exhaust his remedies. *Id.*

We review the district court's factual findings as to exhaustion of administrative remedies for clear error. *Whatley v. Smith*, 898 F.3d 1072, 1082 (11th Cir. 2018). To find that the court's findings were clearly erroneous, we must be left with the definite and firm conviction that a mistake was made; if the court's account of the evidence is plausible, we may not reverse. *Id.* (finding that the district court permissibly weighed the evidence regarding exhaustion when it credited prison officials' affidavits over the prisoner's exhibits).

In Florida, to exhaust his administrative remedies, a prisoner generally must complete the following: (1) an informal grievance to the staff member responsible for the particular area of the problem, (2) a formal grievance with the warden, and (3) an appeal to the Office of the Secretary of the Florida Department of Corrections ("FDOC"). Fla. Admin. Code §§ 33-103.005(1)(a) and (b), 33-

3

103.006(1), 33-103.007(1).  An appeal to the Office of the Secretary of the FDOC must be received within 15 calendar days from the date the response to the formal grievance is returned to the inmate.  *Id.* § 33-103.011(1)(c).  To determine whether an appeal has been timely filed, the FDOC will compare the receipt date on the appeal form with the return date of the formal grievance.  *Id.* § 103.007(3)(a).

Here, the district court did not err when it dismissed Jackson's amended complaint for failure to exhaust his administrative remedies.   According to Jackson, he filed his administrative appeal within 15 calendar days of the date the denial of his formal grievance was returned to him.  According to the defendants, however, his appeal was filed more than 15 calendar days after the date the denial was returned to him.  Both accounts of the facts were plausible and supported by the exhibits, so the court crediting the defendants' version of the facts was not clearly erroneous, and we may not reverse.

**AFFIRMED.**