[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12136
Non-Argument Calendar

_____

D.C. Docket No. 4:18-cv-00069-HLM

DELROY T. BOOTH,

Plaintiff - Appellant,

versus

LIEUTENANT R. ALLEN,
Correctional Officer of Georgia Department of Corrections,
SERGEANT. J. SMITH,
Correctional Officer of Georgia Department of Corrections,
COMMISSIONER, GEORGIA. DEPARTMENT OF CORRECTIONS,
WARDEN, HAYS STATE PRISON,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 20, 2019)

Before WILSON, MARTIN, and HULL, Circuit Judges.

PER CURIAM:

Delroy Booth, a prisoner in Hays State Prison, brought a § 1983 action against several defendants associated with the prison and the Georgia Department of Corrections.  The district court dismissed Booth's claims sua sponte, finding that he failed to exhaust his administrative remedies through the prison grievance process before bringing his claims to federal court.  Booth now appeals.

I.

Booth, proceeding pro se, brought a § 1983 action against several defendants associated with Hays State Prison and the Georgia Department of Corrections. Booth alleged that the defendants violated his civil rights by spraying him with a chemical agent without provocation, preparing a false disciplinary report, providing him with shirts deliberately contaminated with parasites, and refusing him appropriate medical treatment for his resulting harms.  Booth alleged that these events occurred in May 2017, and that his disciplinary report was "reversed" in August 2017.

Booth filed a grievance with Hays State Prison on January 5, 2018, detailing these claims; his grievance was denied as untimely.  He appealed the denial but allegedly never received a response to the appeal.  In his complaint in district court, Booth included his grievance form and the response to his grievance as

2

exhibits. These documents showed that Booth's grievance was rejected because he failed to submit his grievance form within ten days of the incident as the prison's policy required. Booth alleged that he did not submit a grievance form within ten days because prison officials did not make the forms available to him.

A magistrate judge concluded in a report and recommendation that Booth's attached exhibits demonstrated that he had failed to file a timely grievance, and therefore failed to exhaust his administrative remedies before suit. The report also concluded that Booth had not exhausted his claim about intentional exposure to parasites, as he had not included it in his grievance; furthermore, the claim was factually frivolous.

Booth moved to alter the judgment, objecting to the report and alleging that prison staff and supervisors had employed strategies to block the grievance procedure and prevent lawsuits. Specifically, Booth alleged that staff members were trained to withhold disciplinary reports until fourteen days after incidents and grievance forms were not made available when the incidents at issue occurred. Booth also alleged that he was unable to include his allegations about parasites in his grievance because the Georgia Department of Corrections prohibits inmates from including more than one issue on a grievance form.

The district court denied Booth's motion to alter the judgment, treating the motion as an objection and concluding that it did not warrant reconsideration of the court's original order.  Booth now appeals.

II.

If a plaintiff objects to portions of a report or recommendation, the court reviews those portions de novo.  *Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985); *see also* 28 U.S.C. § 636(b)(1)(C).  We review a district court's interpretation of § 1997e(a)'s exhaustion requirements and application of the section to a plaintiff's claims de novo.  *Alexander v. Hawk*, 159 F.3d 1321, 1323 (11th Cir. 1998).  We review the district court's factual findings for clear error.  *Bingham v. Thomas*, 654 F.3d 1171, 1174–75 (11th Cir. 2011) (per curiam).  In reviewing plaintiff's claims in a complaint, "we accept allegations in a complaint as true and construe them in the light most favorable to the plaintiff."  *Id.* at 1175.  "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed."  *Id.* (internal quotation marks omitted).

Federal law provides that a prisoner may not bring an action "with respect to prison conditions under section 1983" until they have exhausted all available administrative remedies.  42 U.S.C. § 1997e(a).  To properly exhaust administrative remedies, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules" of the prison grievance

process. *Jones v. Block*, 549 U.S. 199, 218, 127 S. Ct. 910, 922 (2007) (internal quotation marks omitted); *Woodford v. Ngo*, 548 U.S. 81, 88, 126 S. Ct. 2378 (2006). An inmate fails to exhaust available administrative remedies if he files "an untimely or other procedurally defective administrative grievance." *Id.*

Under § 1997e, failure to exhaust is an affirmative defense; inmates need not "specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 921 (2007). A district court may dismiss an action sua sponte, however, if an affirmative defense—including failure to exhaust—appears on the face of the complaint. *Id.* at 215, 127 S. Ct. at 921; *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011); *see also Alexander*, 159 F.3d at 1328 (affirming a district court's sua sponte dismissal of an action for failure to exhaust administrative remedies as required by § 1997e(a)).

The district court correctly held that Booth failed to exhaust his claim regarding harms caused by prison officials contaminating his clothing with parasites because Booth did not adequately allege this incident on his grievance form. Booth later alleged that he could only discuss one issue on a grievance form, but he has not suggested that he was barred from filing more than one grievance form, nor has he explained why he did not file another grievance form. Thus, we affirm the district court's determination that Booth failed to exhaust his

5

administrative remedies with respect to this claim.  As for the claims that Booth

adequately alleged on his grievance form, however, further analysis is required.

"Under § 1997e(a), the exhaustion requirement hinges on the 'availability'

of administrative remedies"—that is, an inmate "must exhaust available remedies,

but need not exhaust unavailable ones."  *Ross v. Blake*, 136 S. Ct. 1850, 1858

(2016).  An administrative remedy is not truly available to obtain relief if: (1) the

administrative procedure "operates as a simple dead end," with "officers unable or

consistently unwilling to provide any relief to aggrieved inmates"; (2) the

administrative scheme is so opaque and confusing that no reasonable prisoner can

use it; or (3) "prison administrators thwart inmates from taking advantage of a

grievance process through machination, misrepresentation, or intimidation."  *Id.* at

1858–60.  Prison administrators may frustrate inmates' efforts to bring a grievance

by, for example, misleading or threatening inmates to prevent them from using the

proper procedures.  *Id.* at 1860.

In *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008), we established a two-

step process for resolving motions to dismiss prisoner lawsuits for failure to

exhaust administrative remedies.  First, district courts must "look to the factual

allegations in the motion to dismiss and those in the prisoner's response and accept

the prisoner's view of the facts as true.  The court should dismiss if the facts as

stated by the prisoner show a failure to exhaust."  *Whatley v. Warden, Ware State*

*Prison*, 802 F.3d 1205, 1209 (11th Cir. 2015) (describing the *Turner* test). In the second step, "if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and it should dismiss if, based on those findings, defendants have shown a failure to exhaust." *Id.*

*Turner* concerned review of a motion to dismiss; here, in contrast, the district court dismissed Booth's claims sua sponte. Even so, we need only apply the first step from *Turner* to conclude that the court did not conduct a full analysis. The district court adopted the magistrate's report and recommendation and determined that nothing in Booth's objections warranted rejection of the report and recommendation because the grievance response attached to Booth's complaint established that he had not timely filed a grievance. The court did not, however, discuss Booth's allegations—included on his grievance form and in his objection to the magistrate's report—that prison officials withheld certain necessary forms to thwart his efforts to timely file. Accepting all allegations in Booth's complaint as true and construing them in the light most favorable to him, especially in his pro se capacity, it is not entirely clear that the administrative remedies that Booth failed to exhaust were available to him.

The district court dismissed Booth's claims before the defendants responded to his allegations. While the defendants may be able to assert the affirmative defense of failure to exhaust and show that the grievance process permitted Booth

7

to timely file, they have not yet done so.  We vacate and remand in part the decision of the district court so that the court may consider Booth's remaining claims and proceed to hear responses from defendants.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED IN PART.**

8