[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11683
Non-Argument Calendar

_____

D.C. Docket No. 5:20-cv-00139-WFJ-PRL

KENYA JAROD FRANKLIN,

Plaintiff-Appellant,

versus

MARION COUNTY JAIL,
OCALA COMMUNITY CARE INC.,
Medical Provider,
V. VELEZ-DIAZ,
M.L.S.,
T. WOOTEN,
P.T.P.,
BILLY WOODS,
High Sheriff of Marion County Sheriff's Office,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 24, 2021)

Before WILSON, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff Kenya Franklin, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal without prejudice of his 42 U.S.C. § 1983 civil complaint for failure to exhaust administrative remedies under the Prisoner Litigation Reform Act ("PLRA").  Because the district court erred in *sua sponte* dismissing the complaint, we vacate the court's ruling and remand for further proceedings.

## FACTS

Plaintiff filed suit claiming that prison medical staff violated his Eighth Amendment right to be free of cruel and unusual punishment when they were deliberately indifferent to his serious medical needs.  In making this claim, Plaintiff utilized the district court's Civil Rights Complaint Form, which requires the prisoner-complainant to answer questions concerning his place of confinement, previous lawsuits, the parties involved, the legal claim asserted, the factual basis for the claim, the relief requested, and, of pertinence here, "exhaustion of administrative remedies."  The latter question indicates the need to exhaust remedies before filing a civil action concerning jail conditions and states that the claim could be dismissed if the administrative grievance process was not completed.

Plaintiff left that question blank.  The district court reviewed the complaint

2

form, and, apparently noticing the lack of a response to this question, *sua sponte* dismissed the complaint without prejudice, indicating that Plaintiff had failed to set forth what steps he had taken to exhaust his remedies in this complaint.

Plaintiff filed a motion for reconsideration before the district court, stating that "Everything in my civil complaint has been addressed at institutional level from 8-23-19 to this very date and time, and over a year before (Oct. 2018 to 7-3-19)." Plaintiff attached several documents to this motion, including several medical request forms and a complaint made to the Sheriff. Unfortunately, however, on the same date he filed the motion for reconsideration, Plaintiff filed a notice of appeal from the district court's order dismissing his complaint. For that reason, the district court denied Plaintiff's motion for reconsideration, noting that the court lacked jurisdiction to consider Plaintiff's motion while the present appeal was pending.

## DISCUSSION

On appeal, Plaintiff asserts that the district court erred in dismissing his complaint. While Plaintiff's *pro se* appellate brief lacks clarity, Plaintiff refers to the steps he took to obtain medical care, asserts that the defendants withheld documents memorializing Plaintiff's efforts, and states that he had "sought for months . . . to get proper treatment, proper medications and documents from defendants." Accordingly, we construe the brief as arguing that the district court

3

erred in dismissing his complaint based on his presumed failure to exhaust remedies. In reviewing a district court's dismissal of a § 1983 action for failure to exhaust available administrative remedies, we review *de novo* the court's interpretation and application of the exhaustion requirement. *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005).

Under § 1915A, a court must review, before docketing, a prisoner's civil complaint and dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b). Under § 1997e(a), "[n]o action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). However, "failure to exhaust is an affirmative defense" and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). "A complaint may be dismissed if an affirmative defense, such as failure to exhaust, appears on the face of the complaint," but "[o]therwise, exhaustion and other affirmative defenses must be raised in a responsive pleading." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Here, the face of the complaint did not demonstrate that Plaintiff had failed to exhaust his claims.  The district court therefore erred in *sua sponte* dismissing Plaintiff's complaint for lack of exhaustion.  Accordingly, we vacate the district court's dismissal and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**