[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11301

Non-Argument Calendar

_____

DERRICK GREGORY JAMES,

Plaintiff-Appellant,

*versus*

NURSE ROBINSON, et al.,

Defendants,

E. PEREZ-LUGO,
MICHELLE SCHOUEST,
TONI BOWDEN,
KRYSTLE L. ROBERSON,
MINDY TOMLINSON,

Defendants-Appellees.

—————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:21-cv-00183-BJD-LLL

—————————————

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Derrick Gregory James, a Florida prisoner proceeding *pro se*, appeals the district court order dismissing his amended complaint. James sued Dr. Elliot Perez-Lugo, the medical director of the prison where James was incarcerated, under 42 U.S.C. § 1983, alleging that Perez-Lugo was deliberately indifferent to his serious medical need. The district court dismissed the amended complaint, concluding that James failed to state a claim for relief. After careful consideration, we affirm.

**I.**

James was incarcerated at the Columbia Correctional Institution in Florida beginning in July 2019.[1] While at the prison, James

_____

[1] The facts recited in this section are taken from the amended complaint, which is the operative complaint. *See Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1218 n.2 (11th Cir. 2016) ("At the motion to dismiss stage, we accept the well-

complained of physical pain, including numbness in his right foot and extreme pain in his right ankle. According to James, the medical care he received for his condition was inadequate.

Beginning in February 2020, he filed a series of grievances with the prison related to the care he received. In the grievances, James complained that his pain was becoming worse over time, he was losing strength, and his right calf was shrinking. He requested an MRI and demanded to see a neurologist.

From April 2020 through December 2020, Perez-Lugo responded to several of these grievances. He explained that James had been seen by a medical provider at the prison and the provider had determined that there was "no clinical indication for MRI." Doc. 19-1 at 6.[2] Perez-Lugo concluded that this determination was based on "sound clinical judgment." *Id.* He also advised that requests for "diagnostic tests [were] not issued through the grievance system," and if James was concerned about his treatment plan, he should place a sick call to consult with his medical provider. *Id.*

In January 2021, James was examined by Perez-Lugo. At that appointment, James complained that his condition was worsening. As part of the examination, Perez-Lugo measured James's calves and observed that his right calf muscle was considerably smaller than the left. Based on his examination, Perez-Lugo ordered an

---

pleaded allegations in the complaint as true and view them in the light most favorable to the [non-movant].").

[2] "Doc." numbers refer to the district court's docket entries.

MRI and determined that James should be seen by a neurologist. James then received an MRI and was seen by a neurologist, who determined that he needed surgery.

James, proceeding *pro se*, filed this lawsuit against Perez-Lugo, claiming deliberate indifference.[3] In the amended complaint, which was the operative complaint, James alleged that Perez-Lugo acted with deliberate indifference when he denied James's grievances requesting additional medical care. Although the amended complaint mentioned that James's health issues began in July 2019, the allegations regarding Perez-Lugo related only to the period from April 2020, when Perez-Lugo first reviewed one of James's grievances, through January 2021, when Perez-Lugo examined James.

Perez-Lugo filed a motion to dismiss, which the district court granted. The district court concluded that the amended complaint failed to state a claim for deliberate indifference. The district court explained that Perez-Lugo did not act with deliberate indifference when he responded to James's grievances requesting additional medical care because Perez-Lugo had deferred to the medical judgment of the providers who had examined James. Even if those providers' decisions were "incorrect or subject to reasonable debate among medical practitioners," the district court explained,

---

[3] James also named several other prison officials as defendants. The district court dismissed the claims against these defendants. Because James raises no argument on appeal regarding his claims against the other defendants, we discuss them no further.

such "difference[s] of opinion regarding questions of medical judgment" did not rise to the level of deliberate indifference. Doc. 44 at 21. The district court also concluded that Perez-Lugo did not act with deliberate indifference in January 2021 when Perez-Lugo examined James and determined that he needed an MRI and referred him to a neurologist.

This is James's appeal.

## II.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[N]aked assertions devoid of further factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alterations adopted) (internal quotation marks omitted). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (internal quotation marks omitted).

## III.

The Eighth Amendment's prohibition against "cruel and unusual punishments" protects prisoners from "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 102, 104 (1976). To prove deliberate indifference, a prisoner must show: (1) an objectively serious medical need; (2) the defendant's

deliberate indifference to that need; and (3) a causal link between the defendant's indifference and the prisoner's injury. *See Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). The second of these elements requires the prisoner to establish that the defendant (1) had subjective knowledge of a risk of serious harm and (2) disregarded that risk (3) by conduct that was more than gross negligence. *Wade v. McDade*, 67 F.4th 1363, 1374 (11th Cir. 2023); *see also Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Mere incidents of negligence or malpractice do not rise to the level of constitutional violations.").

Conduct that is more than grossly negligent includes: "(1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Bingham*, 654 F.3d at 1176. A prisoner can also establish deliberate indifference by showing "[a] complete denial of readily available treatment," or that the defendant "delay[ed] necessary treatment for non-medical reasons." *Id.*

Here, the district court concluded that James failed to state a claim because the allegations in the amended complaint did not show that Perez-Lugo acted with deliberate indifference. James's sole argument on appeal is that Perez-Lugo acted with deliberate indifference because in August 2019 Perez-Lugo examined and treated him. According to James, at the time of that examination, Perez-Lugo should have "immediately referr[ed]" him to a neurologist and ordered an MRI. Appellant's Br. at 7.

The problem with this argument is that, even liberally construed, the amended complaint included no allegations regarding Perez-Lugo's August 2019 examination. It's true that the complaint alleged that James received inadequate care during the entire time he was detained at Columbia Correctional Institution, but the allegations regarding Perez-Lugo related only to the period from April 2020. For the first time in his appellate briefing, James makes allegations about Perez-Lugo's August 2019 examination. But parties "are not permitted to simply 'insert' new allegations through their appellate briefing." *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019) (en banc); *see Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 705 (11th Cir. 2016) (explaining that an appellant "cannot [on appeal] use his briefing to add new allegations and argue that those new assertions support his cause of action"). Instead, James's claim is limited to the allegations in the amended complaint, which did not even mention the examination. Accordingly, we reject James's argument that the district court erred in concluding that he failed to state a claim that Perez-Lugo acted with deliberate indifference during the August 2019 examination.

**AFFIRMED.**