[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12664
Non-Argument Calendar

_____

D.C. Docket No. 5:13-cv-00093-MTT-MSH

CHASTIN BETRON MOORE,

Plaintiff-Appellant,

versus

GREGORY MCLAUGHLIN,
JAMES HINTON,
CLAUDIA HALL,
COLBERT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 13, 2014)

Before HULL, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Chastin Betron Moore, a prisoner proceeding pro se, appeals the *sua sponte*

dismissal of his 42 U.S.C. § 1983 action for failure to state a claim upon which

relief may be granted.  Moore alleged that the Defendants[1] stole packages mailed to him, created an illegal policy that segregated inmates could not receive packages, unjustly denied his grievances and ignored his complaints, and denied him options for returning packages that were available to other prisoners.  He argues that this conduct violated the Eighth and Fourteenth Amendments of the U.S. Constitution, and the Universal Declaration of Human Rights ("UNDHR").  The district court dismissed Moore's complaint for failure to state a claim, citing *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204 (1984).  On appeal, Moore argues that his right to procedural due process was violated because he was denied a postdeprivation remedy when his grievances were denied.

We review a district court's sua sponte dismissal for failure to state a claim de novo, taking the allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  We may affirm the district court's decision on any ground supported by the record.  *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007).  A complaint is properly dismissed for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920 (2007).

---

[1] Moore files his 42 U.S.C. § 1983 complaint against the following defendants at Macon State Prison in their individual capacities: Gregory McLaughlin, Warden; James Hinton, Deputy Warden of Security; Claudia Hall, mailroom employee; and "Colbert", mailroom employee (collectively "Defendants").

We construe pro se pleadings liberally, and hold such pleadings to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  Our duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it for the plaintiff." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (per curiam).

I.

First, Moore argues that his procedural due process claim is not barred because he was denied a suitable post deprivation remedy when his grievances about the stolen packages were denied.  "[T]o prevail on a civil rights action under [42 U.S.C.] § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533, 104 S. Ct. at 3204.  The state's action is not complete "until and unless it provides or refuses to provide a suitable postdeprivation remedy." *Id.*

Georgia provides a civil cause of action for the wrongful conversion of personal property, and we have held that this cause of action constitutes a suitable

3

postdeprivation remedy for procedural due process violations.  O.C.G.A. § 51-10-1; *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991).  Because Moore has a suitable post deprivation remedy available under Georgia law, the state's action is not complete.  *See Palmer*, 468 U.S. at 533, 104 S. Ct. at 3204.  Moore did not state in his complaint or brief that he has attempted to pursue a civil action based upon the incident, nor did he indicate that such action was denied or unavailable to him.  Accordingly, we conclude that the district court did not err in dismissing Moore's procedural due process claim regarding the stolen packages, and affirm.

## II.

Second, Moore argues that the Defendants failed to respond appropriately to his grievances, which we construe as another procedural due process claim.  A 42 U.S.C. § 1983 claim alleging a denial of procedural due process requires "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process."  *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003).  An inmate has no constitutionally-protected liberty interest in access to prison grievance procedures.  *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam).

Here, because Moore had no constitutionally protected liberty interest in access to the prison's grievance procedure, he cannot base a § 1983 claim on the Defendants' response to his grievances.  *See Grayden*, 345 F.3d at 1232; *Bingham*,

564 F.3d at 1177.  Accordingly, we conclude that the district court did not err in dismissing Moore's procedural due process claim regarding the denial of his grievances, and affirm.

## III.

Third, Moore contends that the Defendants violated his equal protection rights by maintaining a policy that inmates in administrative segregation could not receive packages, and by prohibiting him from returning packages to senders while in segregation, an option available to other segregated inmates.  "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally-protected interest. . ." *Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001) (per curiam).

In his complaint, Moore did not allege that his discriminatory treatment was based upon any constitutionally-protected interest.  Instead, he compared his treatment to that of prisoners in the general population and other prisoners in administrative segregation.  Accordingly, although the district court did not address the issue, we thus affirm the dismissal of Moore's equal protection claim. *See Bircoll*, 480 F.3d at 1088 n.21 ("This Court may affirm on any ground supported by the record.").

## IV.

5

Fourth, Moore claims that he was subjected to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments because the Defendants deprived him of the basic human need of clothes, failed to appropriately respond to his complaints, and because he could not receive or return packages while in administrative segregation.

We will not consider Moore's argument that the Defendants violated his Eighth Amendment rights by depriving him of a basic human need, because he raises this argument for the first time on appeal. *See Access Now, Inc., v. SW Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (internal quotations omitted)). Further, the Eighth Amendment does not authorize judicial reconsideration of every governmental action affecting a prisoner's interests, and, after incarceration, only the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084 (1986) (internal quotation marks omitted). In his complaint, Moore did not allege that he suffered any pain as a result of Defendants' actions, or that these actions involved the infliction of pain. Accordingly, although the district court did not address the issue, we affirm the dismissal of Moore's cruel and unusual punishment claim.

V.

Finally, Moore claims that the Defendants' theft of his packages and failure to respond appropriately to his grievances subjected him to torture or cruel, inhuman, or degrading treatment in violation of the UNDHR.  Section 1983 provides a cause of action based on "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  Thus, in order to prevail in a Section 1983 action, a plaintiff must show that he was deprived of a federal right.  *Griffin*, 261 F.3d at 1303.  The rights secured by the UNDHR are not federal rights.  *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734, 124 S.Ct. 2739, 2767, (2004) ("[The UDHR] does not of its own force impose obligations as a matter of international law.").  Accordingly, Moore could not base his § 1983 action on the violation of UNDHR rights.  Therefore, although the district court did not address the issue, we affirm the dismissal of Moore's UNDHR claim.

Upon careful review of Moore's complaint, the district court order, and consideration of Moore's brief on appeal, we conclude that Moore's complaint failed to state a claim upon which relief may be granted.  For the above reasons, we affirm the district court's dismissal of Moore's 42 U.S.C. § 1983 action.

**AFFIRMED.**

7