**Vicente BRAVO, Plaintiff–Appellant,**

v.

**Juan LOOR–TUAREZ, Medical Doctor, Defendant–Appellee.**

**No. 15–13353**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 4, 2016.

Vicente Bravo, Avon Park, FL, pro se.

---

Avon Park CI Warden, Avon Park CI–Inmate Trust Fund, Avon Park, FL, for Plaintiff–Appellant.

Pam Bondi, Attorney General's Office, West Palm Beach, FL, for Defendant–Appellee.

Before WILSON, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Vicente Bravo, a Florida prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Bravo alleges that he received negligent medical care while incarcerated, in violation of the Eighth Amendment. The district court held that Bravo's negligence claim was insufficient to state an Eighth Amendment violation, so he was not entitled to relief under § 1983. The district court also denied Bravo's motion to amend his complaint to add additional medical staff as defendants to the suit. Bravo appeals the denial of his motion to amend, and he also argues that the district court abused its discretion by not exercising jurisdiction over his state law claim for medical malpractice. We affirm in part and reverse and remand in part.

## I.

Bravo first claims that the district court erred in denying his motion to amend his complaint to add several additional medical staff as defendants. We review for abuse of discretion a district court's denial of leave to amend a complaint. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC,* 600 F.3d 1334, 1336 (11th Cir.2010). We review *de novo* any legal conclusion about whether amendment would have been futile. *Id.* A party who requests leave to amend must ordinarily be given at least one opportunity to do so before the complaint is dismissed, but the district court need not allow amendment where amendment would be futile. *Corsello v. Lincare, Inc.,* 428 F.3d 1008, 1014 (11th Cir.2005) (per curiam). We liberally construe *pro se* pleadings, and hold them to a less stringent standard than pleadings drafted by an attorney. *Bingham v. Thomas,* 654 F.3d 1171, 1175 (11th Cir.2011) (per curiam).

To be entitled to relief under § 1983, a plaintiff must prove that he was deprived of a right, privilege, or immunity protected by the Constitution or laws of the United States by a person acting under color of state law. 42 U.S.C. § 1983. The Eighth Amendment forbids "cruel and unusual punishments." U.S. Const. Amend. VIII. The Supreme Court has interpreted the Eighth Amendment to prohibit "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). To establish deliberate indifference, the plaintiff must prove "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Townsend v. Jefferson Cty.,* 601 F.3d 1152, 1158 (11th Cir.2010) (alteration in original) (quotation omitted).

The district court erred in denying Bravo's motion for leave to amend his complaint. The district court dismissed Bravo's complaint because Bravo did not allege facts sufficient to establish that the one named defendant's conduct was more than negligence such that it amounted to deliberate indifference in violation of the Eighth Amendment. Though Bravo stated that he sought per-

mission to amend his complaint simply to add new defendants, his motion for leave to amend included allegations that the new defendants "possessed knowledge" of the alleged error in his first surgery that resulted in a "substantial risk of serious harm" through a delay in performing a second corrective surgery. Bravo also included with his motion medical records that seem to support his allegations that several days passed between recognition of the alleged error and the corrective surgery. Construed liberally in Bravo's favor, his proposed amendment was not clearly futile because it could potentially satisfy the required showing of deliberate indifference to make out an Eighth Amendment violation. *See Townsend*, 601 F.3d at 1158. We reverse the denial of Bravo's motion for leave to amend his original complaint and remand to the district court to allow him the opportunity to do so.

## II.

Bravo also claims that the district court abused its discretion by not exercising jurisdiction over his state law claim for medical malpractice. We review for abuse of discretion the district court's decision not to exercise supplemental jurisdiction over a state law claim. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 738 (11th Cir.2006). To properly allege a claim for relief—including a state law claim—a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." .Fed.R.Civ.P. 8(a)(2).

Bravo did not allege any state law claim for medical malpractice in his complaint. His complaint specifically alleged only a § 1983 claim for violation of the Eighth and Fourteenth Amendments. The district court did not abuse its discretion by refusing to exercise jurisdiction over a state claim for medical malpractice that was never alleged. Upon careful review of the record and consideration of Bravo's brief, we affirm in part and reverse and remand in part.

**AFFIRMED IN PART AND RE-VERSED AND REMANDED IN PART.**