[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10208
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-04561-AT


W. A. GRIFFIN,

                                        Plaintiff - Appellant,

versus

UNITED HEALTHCARE OF GEORGIA, INC.,
VIKING RANGE, LLC,
UNITED HEALTHCARE INSURANCE COMPANY,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 25, 2018)

Before JILL PRYOR, NEWSOM and JULIE CARNES, Circuit Judges.

PER CURIAM:

Proceeding *pro se*, Dr. W.A. Griffin appeals the dismissal of her complaint under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a).  After careful consideration, we affirm.

I.

Dr. Griffin, a medical provider, treated patient E.V. twice in 2012. E.V. was a participant in a group health benefit plan (the "Plan") for which Viking Range, LLC,[1] served as the plan administrator and United Healthcare Insurance Company served as the claims fiduciary.  The Plan contains an anti-assignment provision: "You may not assign your Benefits under the Policy to a non-Preferred provider without our consent."  Doc. 9-2 at 77.[2]  Dr. Griffin was a non-Preferred provider under the terms of the Plan.  Despite the anti-assignment provision, Dr. Griffin had E.V. execute a document entitled "Assignment of Benefits" that directed E.V.'s insurance company to pay her benefits directly to Dr. Griffin.  Doc. 9-3 at 2.

After treating E.V., Dr. Griffin submitted claims to United Healthcare seeking payment for the services that she provided.  United Healthcare paid a portion of the claims.  Dr. Griffin appealed United Healthcare's partial payment, and her first level appeal was denied.  Dr. Griffin then submitted a second-level appeal to United Healthcare.  Dr. Griffin requested that United Healthcare or

---

[1] At the relevant time, HADCO actually served as the plan administrator, but Viking subsequently acquired HADCO and is the named defendant in this action.  We use the name "Viking" to refer to both Viking and HADCO.

[2] All citations in the form "Doc. #" refer to district court docket entries.

2

Viking send her a copy of the summary plan description and also asked them whether the Plan had an anti-assignment provision. United Healthcare denied the appeal and did not respond to Dr. Griffin's document requests or indicate whether the Plan had an anti-assignment provision.

Several years after United Healthcare denied Dr. Griffin's appeal, she obtained a second assignment from E.V. The assignment authorized Dr. Griffin to request plan documents on E.V.'s behalf. It also assigned to Dr. Griffin E.V's right to "pursue claims for benefits, statutory penalties, breach of fiduciary duty, [and] any ERISA claim matter." Doc. 14 at 29. The assignment stated that it was effective retroactive to 2012 when Dr. Griffin treated E.V.

After obtaining the second assignment, Dr. Griffin sued United Healthcare and Viking in state court. She brought four claims under ERISA for: (1) failure to pay plan benefits, (2) breach of fiduciary duty, (3) failure to provide plan documents, and (4) breach of co-fiduciary duties. Dr. Griffin claimed that the defendants were liable because they had underpaid the claims and also failed to provide the plan documents that Dr. Griffin requested when she submitted the second-level appeal.

United Healthcare and Viking removed the action to federal court and then filed motions to dismiss. The district court granted the motions, concluding that Dr. Griffin's claim for failure to pay plan benefits was barred by the Plan's anti-

3

assignment provision.  The district court assumed that Dr. Griffin's other claims, which related to the failure to provide plan documents, were not barred by the Plan's anti-assignment clause.  The court nonetheless concluded that Dr. Griffin could not sue for these claims because E.V.'s original assignment did not transfer to Dr. Griffin the right to sue for these non-payment-related claims.  And the court explained that the second assignment, which purported to assign E.V.'s right to sue for claims related to the failure to provide plan documents, could not be applied retroactively against third parties such as United Healthcare and Viking.  The district court dismissed the case.  This appeal followed.

## II.

"We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff."  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012) (internal quotation marks omitted).[3]  To survive a motion to dismiss, a complaint must contain sufficient

---

[3] Although the Plan's Certificate of Coverage, which contained the anti-assignment clause, and the assignments that E.V. executed were not attached to Dr. Griffin's complaint, we may consider their contents.  The Certificate of Coverage was attached to United Healthcare's motion to dismiss.  We may consider the contents of a document attached to a motion to dismiss when the contents are "(1) central to the plaintiff's claim and (2) undisputed."  *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).  Applying this standard, we may consider the contents of the Certificate of Coverage.

Regarding the assignments, "a document need not be physically attached to a pleading to be incorporated by reference into it."  *Id.*  We have explained that a document is incorporated by reference into a complaint if (1) it is central to the plaintiff's claim; (2) its contents were alleged

4

factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[N]aked assertions devoid of further factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Upon review of dismissals for failure to state a claim, "[p]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (internal quotation marks omitted).

### III.

Section 502 of ERISA provides that only plan participants and plan beneficiaries may bring a private civil action to recover benefits due under the terms of a plan, to enforce rights under a plan, or to recover penalties for a plan administrator's failure to provide documents. 29 U.S.C. § 1132(a)(1), (c). This provision also limits the right to sue for breach of fiduciary duty to plan participants, plan beneficiaries, plan fiduciaries, and the Secretary of Labor. *Id.* § 1132(a)(2). Additionally, only plan participants, plan beneficiaries, and plan

---

in the complaint, and (3) no party questions those contents. *Id.* Because these three requirements are satisfied, we treat the complaint as incorporating E.V.'s assignments by reference.

fiduciaries may bring a civil action to obtain equitable relief to redress a practice that violates ERISA or the terms of a plan. *Id.* § 1132(a)(3). As we have explained, "[h]ealthcare providers . . . are generally not 'participants' or 'beneficiaries' under ERISA" and thus lack the right to sue under ERISA. *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1294 (11th Cir. 2004).

There is, however, an exception to this general rule that healthcare providers have no right of action under § 502. We have recognized that healthcare providers may acquire the right to sue "by obtaining a written assignment from a 'beneficiary' or 'participant' of his right to payment of benefits under an ERISA-governed plan." *Id.*; *see also Cagle v. Bruner*, 112 F.3d 1510, 1515 (11th Cir. 1997) (recognizing that nothing in ERISA "forbids the assignment of health care benefits provided by an ERISA plan"). Although ERISA does not prohibit a plan participant or beneficiary from assigning benefits to her provider, we have held that an anti-assignment provision in a plan, which limits or prohibits a plan participant or beneficiary from assigning her right to payment of benefits, is valid and enforceable. *Physicians Multispecialty Grp.*, 371 F.3d at 1296. Accordingly, when a plan contains an unambiguous anti-assignment provision, a healthcare provider is barred from bringing claims under § 502(a) based on an assignment from a plan participant or beneficiary. *Id.*

6

A.

In this case, E.V.'s original assignment purported to transfer to Dr. Griffin the right to payment of benefits. We have recognized that when a patient assigns to a provider the right to payment for medical benefits, she also conveys the right to file an action under § 502(a) of ERISA for unpaid benefits. *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1352-53 (11th Cir. 2009). Thus, if enforceable, the assignment transferred to Dr. Griffin the right to bring a cause of action under ERISA for unpaid benefits. But the Plan's anti-assignment provision prohibited E.V. from assigning her benefits to Dr. Griffin and therefore barred Dr. Griffin's claim seeking to recover unpaid benefits under § 502(a) of ERISA.

Dr. Griffin argues that United Healthcare and Viking cannot rely on the anti-assignment provision because they failed to notify her of the provision after she asked whether the Plan contained such a term. Liberally construed, Dr. Griffin's argument is that United Healthcare and Viking are either equitably estopped from relying on the anti-assignment provision in the Plan or have waived it. We disagree.

Under ERISA, equitable estoppel applies only when "the plaintiff can show that (1) the relevant provisions of the plan at issue are ambiguous, and (2) the plan

7

provider or administrator has made representations to the plaintiff that constitute an informal interpretation of the ambiguity." *Jones v. Am. Gen. Life & Accident Ins. Co.*, 370 F.3d 1065, 1069 (11th Cir. 2004). Because the anti-assignment provision is unambiguous, equitable estoppel cannot apply here.

We have "left open the question of whether waiver principles might apply under the federal common law in the ERISA context." *Witt v. Metro. Life Ins. Co.*, 772 F.3d 1269, 1279 (11th Cir. 2014). Even if we assume that waiver could apply in the ERISA context, Dr. Griffin has failed to plead sufficient facts to show that United Healthcare and Viking waived the anti-assignment provision. "[W]aiver is the voluntary, intentional relinquishment of a known right." *Id.* (internal quotation marks omitted). We have explained that waiver may be express or implied, but to find implied waiver, "the acts, conduct, or circumstances relied upon to show waiver must make out a clear case." *Id.* (internal quotation marks omitted).

We conclude that Dr. Griffin has failed to make out a clear case that waiver applies here. Her allegation that United Healthcare and Viking failed to respond to her inquiry about the existence of an anti-assignment provision is insufficient to establish a "clear case" that they intentionally and voluntarily relinquished their rights under the anti-assignment provision. *See id.*

B.

8

Dr. Griffin's other claims arise out of United Healthcare's and Viking's failure to turn over plan documents, not to the payment of benefits. Like the district court, we assume that the Plan's anti-assignment provision, which appears in the Plan under the heading "Payment of Benefits," does not bar assignments related to these non-payment-related claims. Doc. 9-2 at 77. Even assuming the anti-assignment clause would not bar Dr. Griffin from pursuing these claims, we conclude that she has nonetheless failed to state a claim for relief.

Dr. Griffin's various claims allege that United Healthcare and Viking received a request for plan documents and then failed to provide the documents. The critical question here is whether Dr. Griffin has alleged that United Healthcare and Viking improperly denied a request for plan documents. The answer is no. Here's why: Dr. Griffin requested plan documents when she submitted her second level appeal. At that time, E.V. had executed the original assignment. The district court found that the original assignment transferred only E.V.'s rights related to benefit payments, not to receive plan documents. Because Dr. Griffin has not challenged this conclusion on appeal, she has abandoned any argument that the original assignment gave her the right to receive plan documents or sue for failure to provide such documents. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned.").

Dr. Griffin argues instead that the second assignment, which was executed years after she requested the documents from United Healthcare and Viking, retroactively assigned her the right to bring these claims. The parties disagree over whether a person may "retroactively" assign rights against a third person. But the parties miss the forest for the trees. When Dr. Griffin requested the documents, she had no right to the documents because E.V. had not yet executed the retroactive assignment. Certainly, E.V. had a right to the plan documents at the time of Dr. Griffin's request, but E.V. had not requested any documents. Even if, as Dr. Griffin asserts, the second assignment conveyed any right E.V. had to plan documents and statutory penalties, this makes no difference, because the patient had made no previous request for documents and had no right to statutory penalties. We thus conclude that there is no plausible allegation in the complaint that United Healthcare and Viking failed to provide plan documents in response to a request by a person who was entitled to them at the time of the request. The district court properly dismissed Dr. Griffin's non-payment-related claims.

IV.

For the foregoing reasons, we affirm the district court judgment.

**AFFIRMED.**

10