[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12960
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cv-01310-TJC-JBT


JOHN HENRY ALLEN,

Plaintiff–Appellant,

versus

SHERIFF SAM ST. JOHN,
CAPTAIN JOHN MILLS,

Defendants–Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 17, 2020)

Before MARTIN, ROSENBAUM, and ED CARNES, Circuit Judges.

PER CURIAM:

John Henry Allen appeals the district court's dismissal on its own motion of his pro se civil rights complaint.

I.

This case arises from our dismissal of Allen's appeal in an earlier civil rights lawsuit.  Allen filed that earlier lawsuit in federal district court in May 2017.[1]  In October 2017 he was arrested and booked into the Hamilton County Jail because his bond in a state criminal case had been revoked.  While he was in jail, his pending civil rights lawsuit was dismissed by the district court and he filed a timely notice of appeal.[2]  In December 2017 he was transferred to the Suwannee County Jail.  One of the guards at the Suwannee County Jail, Captain John Mills (named as a defendant here), allegedly began forwarding Allen's legal mail to Allen's mother.

Among the mail that Captain Mills forwarded to Allen's mother was a letter from this Court, dated January 24, 2018, stating that Allen had 14 days (that is, until February 7, 2018) to either pay the filing fee for his appeal or request permission to proceed in forma pauperis.  Allen was released from jail on February 5, 2018, and "[a] day or so after" that, his mother gave him the letter from this Court.  Allen's appeal was dismissed on February 16, 2018 because he had not

---

[1] That case was Allen v. Decker, No. 3:17-cv-530 (M.D. Fla. filed May 9, 2017).

[2] The appeal was Allen v. Decker, No. 18-10211 (11th Cir. filed Jan. 19, 2018).

2

paid the filing fee or moved to proceed in forma pauperis.  According to Allen, if he had received the letter from this Court sooner he could have met the February 7 deadline and his appeal would not have been dismissed.

In May 2019 Allen filed his original pro se complaint in this lawsuit, asserting claims under 42 U.S.C. § 1983.  The district court dismissed that complaint without prejudice in an order that identified a number of legal deficiencies.  The court ordered Allen to file an amended complaint, which he did. His amended complaint — also based on § 1983 — alleged that Captain Mills violated his right to access the courts and his right to free speech by forwarding his legal mail to his mother.  The amended complaint also asserted claims of racial discrimination and retaliation for exercising his constitutional rights, and claims relating to the jail's grievance process.[3]  Mills and Suwannee County Sheriff Sam St. John were named as defendants.

Because Allen was proceeding in forma pauperis, the district court reviewed his amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).  That statute requires that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  Id.  The

---

[3] The district court's dismissal order and Allen's brief to this Court both read the amended complaint as asserting a separate claim for "conspiracy."  But "conspiracy" is not a stand alone constitutional claim on which relief may be granted under § 1983.  To the extent Allen's amended complaint alleges a separate "conspiracy" claim, it fails to state a valid claim.

court found that Allen's amended complaint did, in fact, fail to state a claim and was due to be dismissed. This is Allen's appeal of that dismissal.

## II.

We review de novo the district court's dismissal of a complaint under § 1915(e)(2)(B)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). The standards governing dismissals under Federal Rule of Civil Procedure 12(b)(6) also apply to dismissals under § 1915(e)(2)(B)(ii). Id. Under those standards, "[w]hile we accept the factual allegations in the complaint as true, construing them in the light most favorable to the plaintiff, the allegations must state a claim for relief that is plausible, not merely possible." Gill ex rel. K.C.R. v. Judd, 941 F.3d 504, 511 (11th Cir. 2019). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Allen asserted five claims, and the district court did not err by dismissing all of them.

The court properly dismissed Allen's claim that his constitutional right to access the courts was violated. One element of an access to court claim is "actual injury." Al-Amin v. Smith, 511 F.3d 1317, 1332 (11th Cir. 2008). To meet the actual injury requirement, a plaintiff must allege that he had "a legitimate claim that [he was] unable to pursue due to the [jail's] restrictions." Bass v. Perrin, 170 F.3d 1312, 1320 n.13 (11th Cir. 1999). It is not enough for him to allege that his

4

earlier civil rights appeal was dismissed because of the defendants' interference.  A

plaintiff must also show that his underlying claims in the earlier lawsuit were

"nonfrivolous" and "arguable."  Christopher v. Harbury, 536 U.S. 403, 416 (2002).

To make that showing, he must "state the underlying claim [from the earlier

lawsuit] in accordance with Federal Rule of Civil Procedure 8(a), just as if it were

being independently pursued" in this lawsuit, so that we can evaluate whether it

was frivolous.  Id. at 417 (footnote omitted).

Allen's access claim was properly dismissed because he did not state in his

amended complaint the underlying claim from his earlier lawsuit.  Under Supreme

Court precedent, it does not matter whether the defendants caused Allen to lose his

earlier lawsuit if we cannot tell from his amended complaint whether that lawsuit

was frivolous or arguably had some merit.  See id. at 417–18.  And we can't tell.

So the district court did not err in dismissing the access claim in this lawsuit.[4]

Allen argues that by dismissing his access claim, the district court failed to

give him the interpretive leniency due to pro se litigants.  "[A]lthough we are to

---

[4] Even if we were to take judicial notice of the allegations in Allen's earlier civil rights lawsuit — and it is not clear that we can — his access claim would still fail because his claims in the earlier civil rights lawsuit were frivolous.  As the magistrate judge in that case correctly explained, Allen's § 1983 claims against a prosecutor and two judges were barred by absolute immunity; his § 1983 claim against his public defender did not allege any action taken under color of state law; and his claim under the Americans with Disabilities Act was not supported by any pleaded facts.  See Report & Recommendation, Allen v. Decker, No. 3:17-cv-530 (M.D. Fla. Sept. 9, 2017), ECF No. 9. The district court properly adopted the magistrate judge's report and recommendation.

give liberal construction to the pleadings of pro se litigants, we nevertheless have required them to conform to procedural rules." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (quotation marks omitted). Here, Allen did not conform to Rule 8(a) — as interpreted by the Supreme Court — because he did not state the underlying claim that he was allegedly unable to pursue in the earlier lawsuit as a result of the defendants' actions. See Christopher, 536 U.S. at 416–18.

The district court was also correct to dismiss Allen's free speech claim. "Mail is one medium of free speech, and the right to send and receive mail exists under the First Amendment." Al-Amin, 511 F.3d at 1333. We have recognized that a prisoner retains "those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Id. at 1333 (quotation marks omitted). One of the rights he retains is the right to "communicate with his attorneys by mail." Id. at 1334. That right is protected by the Free Speech Clause of the First Amendment because, "given their incarceration and often distance from their attorneys, prisoners' use of the mail to communicate with their attorneys about their criminal cases may frequently be a more important free speech right than the use of their tongues." Id. at 1333–34. A restriction that "sufficiently chills, inhibits, or interferes with [a prisoner's] ability to speak, protest, and complain openly to his attorney . . . infringe[s] his right to free speech." Id. at 1334. A prisoner whose

6

free speech rights are infringed can recover nominal damages even if he suffers no actual damages.  Id. at 1334–35.

This case does not involve the kind of legal mail we discussed in Al-Amin — communications between a prisoner and his attorney that give the prisoner a valuable outlet to "speak, protest, and complain openly."  Id. at 1334. Instead it involves a ministerial letter sent by this Court to Allen about a looming deadline in a civil appeal.  Allen does not allege that the diversion of that letter prevented him from expressing himself or sharing his ideas.  Because there is no indication that Allen's free speech rights were impeded or chilled by the defendants' conduct, the district court was right to dismiss his free speech claim.

The district court also did not err by dismissing Allen's racial discrimination claim.[5]  In his amended complaint, Allen lists a number of ways in which he received allegedly discriminatory treatment in state criminal court, in violation of the Equal Protection Clause of the Fourteenth Amendment.  He alleges actions by a state court judge and by the prosecutor who pursued his criminal case, but neither of those people is a party to this lawsuit.  He also claims that Captain Mills discriminated against him by forwarding his legal mail to his mother.  But he alleges no facts showing that Mills' actions were motivated by race.  See Greater

---

[5] The district court's dismissal order lists Allen's racial discrimination and equal protection claims separately, but they appear to be one and the same.

Birmingham Ministries v. Sec'y of State of Ala., --- F.3d ---, 2020 WL 4185801, at *14 (11th Cir. July 21, 2020) ("A successful equal protection claim under the Fourteenth Amendment requires proof of both an intent to discriminate and actual discriminatory effect."). Allen's conclusory allegation that Mills forwarded his legal mail "because [Allen] is Black" does not state a plausible claim. See Iqbal, 556 U.S. at 680–81 (refusing to accept as true the plaintiffs' conclusory statement, unsupported by particular facts, that the defendant discriminated against them "solely on account of [their] religion, race, and/or national origin").

The district court was also correct to dismiss Allen's claims related to the jail's grievance process. In his amended complaint, Allen alleges that he submitted multiple grievances to Sheriff St. John and never received a response. But a prisoner does not have a constitutionally protected liberty interest in a prison's grievance procedure. Bingham v. Thomas, 654 F.3d 1171, 1178 (11th Cir. 2011). To the extent Allen alleges that St. John discriminated against him by refusing to respond to his grievances because of his race, his claim fails for lack of supporting facts showing that St. John was motivated by any discriminatory animus.[6]

---

[6] Other than Sheriff St. John's failure to respond to grievances, Allen does not allege any other unconstitutional acts or omissions that St. John personally committed. To the extent Allen seeks to hold St. John liable for Mills' acts and omissions, his effort fails. Under § 1983, "[t]he standard by which a supervisor can be held liable for the actions of a subordinate is extremely rigorous." Piazza v. Jefferson County, 923 F.3d 947, 957 (11th Cir. 2019) (quotation marks omitted). "[S]upervisory liability is permissible only if there is a 'causal connection' between a

Finally, Allen's retaliation claim was properly dismissed for lack of supporting facts.  The amended complaint does not allege any facts showing that any of the defendants' actions were motivated by his earlier civil rights lawsuit. As was true of the racial discrimination claim, this claim contains only the conclusory assertion that Allen was retaliated against, and that is not enough to state a claim on which relief can be granted.[7]

**AFFIRMED.**

---

supervisor's actions and the alleged constitutional violation."  Id.  Allen's amended complaint does not plead facts showing the required causal connection.

[7] In his brief to this Court, Allen tries to remedy several of the flaws in his amended complaint by setting out new facts not contained in that pleading. But even a pro se plaintiff cannot amend his complaint through assertions in his appellate brief.  Cf. Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").