[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11061
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cv-81477-KAM

JAMES BEEKMAN,

Plaintiff-Appellant,

versus

FEDERAL HOME LOAN MORTGAGE CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 17, 2020)

Before BRANCH, GRANT, and FAY, Circuit Judges.

PER CURIAM:

James Beekman, pro se, appeals the district court's dismissal of his amended complaint against Federal Home Loan Mortgage Corporation and others. We affirm.

## I.

Beekman, through counsel, filed a complaint in state court against Federal Home Loan Mortgage Corporation (Freddie Mac) and "all of its agents, multiple parties, representatives, hires and servicers."[1] Beekman claimed that Freddie Mac and its agents failed "to honor its fiduciary, moral and contractual obligations" by wrongfully foreclosing on two of his properties, evicting him, and eluding or refusing to settle other civil actions brought by Beekman. He asserted that Freddie Mac had committed (1) violations of the Federal Home Loan Mortgage Corporation Act, (2) fraudulent misrepresentation, (3) fraud, (4) intentional infliction of emotional distress, and (5) violations of the federal Racketeer Influenced and Corrupt Organizations statute, 18 U.S.C. § 1962. Although Beekman's complaint was difficult to follow, it appeared that the gist of his grievance was that Freddie Mac had wrongfully refused to grant him a mortgage modification or settle the foreclosure actions. It also appeared that the state trial

---

[1] Freddie Mac was the only defendant listed in the case caption, but Beekman named more than 30 other defendants in the body of his complaint. Beekman had not yet served any of the other defendants when the district court granted Freddie Mac's motion to dismiss, and Beekman and Freddie Mac are the only parties to this appeal.

2

court had found in Beekman's favor on this issue in one of the foreclosure actions, but was overturned on appeal.

Freddie Mac removed Beekman's complaint to federal court and filed a motion to dismiss the complaint for failure to state a claim. The district court granted the motion, describing the complaint as an "essentially incomprehensible" 68-page "collection of statutes, website clippings, news stories summaries, and an occasional factual allegation." The court dismissed Beekman's claim under the Federal Home Loan Mortgage Corporation Act with prejudice, explaining that Beekman could not state a claim against Freddie Mac under the Act—which was Freddie Mac's chartering statute—because the Act's prohibition of the unauthorized use of the term "Federal Home Loan Mortgage Corporation" or its component terms obviously did not apply to Freddie Mac. The district court gave Beekman leave to file an amended complaint that complied with Rule 8's direction to make a "short and plain statement" of his remaining claims, supported by sufficient factual allegations to give Freddie Mac fair notice of the nature of his claims and the factual bases for them.

Beekman, still proceeding through counsel, filed an amended complaint that deleted or rearranged a few paragraphs and added claims for unjust enrichment, violations of the Fair Debt Collection Practices Act, and violations of Florida's

Deceptive and Unfair Trade Practices Act, but was otherwise nearly identical to his initial complaint.

Freddie Mac renewed its motion to dismiss, arguing that the amended complaint failed to state any viable claim for relief and failed to comply with Rule 8(a). The district court granted the motion and dismissed the claims against Freddie Mac with prejudice. The court stated that the amended complaint was "a rambling series of incomprehensible allegations" that violated Rule 8(a) by failing to provide a short and plain statement of the claims, and from which the court was unable to discern sufficient factual allegations to permit an inference of Freddie Mac's liability under any of the stated causes of action. Beekman filed a motion to vacate the dismissal, which the district court denied. Beekman now appeals.

## II.

On appeal, Beekman contends that the district court's dismissal of his amended complaint violated his constitutional rights to due process and access to the courts. His argument seems to be that the district court should have treated him as a pro se litigant by liberally construing his pleadings and overlooking his ignorance of technical pleading requirements, and that the dismissal was "arbitrary and capricious" and lacked "substantive reasoning." We disagree.

As an initial matter, while it is true that we hold pro se pleadings to a less stringent standard than those drafted by attorneys and will liberally construe them,

4

*see Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011), Beekman was not acting pro se in the district court. All of his pleadings in the district court were filed and signed by an attorney, Thomas Neusom. Moreover, all litigants in federal court—whether proceeding pro se or with the assistance of counsel—are required to comply with the applicable procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) further requires that the plaintiff "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." The purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that," among other things, "his adversary can discern what he is claiming and frame a responsive pleading" and "the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (citation omitted). While detailed factual allegations are not required to survive a motion to dismiss, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007).

Should a plaintiff fail to comply with the federal pleading rules, the district court may dismiss the complaint based on its inherent authority to control its docket and ensure the prompt and efficient resolution of lawsuits.  *See Weiland*, 792 F.3d at 1320.  We review such a dismissal for an abuse of discretion.  *Id.*

Beekman's pleadings did not comply with Rule 8(a)'s directive to provide a "short and plain statement" of his claims showing that he was entitled to relief. Instead, each of his complaints consisted of more than 200 paragraphs of vague and rambling allegations of widespread fraud, forgery, misrepresentation, and misconduct in litigation by some or all of the defendants, punctuated with long excerpts from various statues and Freddie Mac's website, a discussion of an unrelated RICO action, and the recitation of general legal standards.[2]  The upshot of Beekman's mostly incoherent allegations appeared to be that Freddie Mac wrongfully foreclosed on Beekman's properties and wrongfully avoided liability for its misdeeds in state court.  As Freddie Mac pointed out in its motions to dismiss, any of Beekman's claims seeking to overturn the foreclosure judgments, or to relitigate other claims or issues previously decided in state court, were subject to dismissal.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462,

---

[2]  We have often referred to pleadings that violate Rule 8 by, as here, making "conclusory, vague, and immaterial" allegations that are "not obviously connected to any particular cause of action" or by "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," as "shotgun" pleadings. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015).

476, 482 n.16 (1983) (federal district courts have no authority to review state court judgments); *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1331–32 (11th Cir. 2010) (explaining the application of Florida's claim-preclusion and issue-preclusion rules in federal courts).

Rather than assume that the defendant's interpretation of Beekman's claims was correct, however, the district court advised Beekman that it was unable to determine the nature of his claims from his complaint, explained the requirements of Rule 8, and gave him an opportunity to remedy the deficiencies in his pleading. The district court's order (and Freddie Mac's motion to dismiss) gave Beekman "fair notice of the defects" in his complaint and "a meaningful opportunity to fix them." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018).  After a plaintiff represented by counsel has been given one such opportunity, the district court may "dismiss with prejudice if the party has still neither filed a compliant pleading nor asked for leave to amend." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018).

Here, Beekman did neither.  He never sought leave to amend, and although he filed an amended complaint after the district court dismissed his first pleading without prejudice, he made no real effort to remedy the defects that had been pointed out to him by both the district court and the defendant.  Accordingly, the

7

district court did not abuse its discretion in dismissing the amended complaint with prejudice.  *See Jackson*, 898 F.3d at 1358.  We therefore affirm.

**AFFIRMED.**