[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11369
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cv-80102-KLR


JOEL BARCELONA,

Plaintiff - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
WARDEN, SOUTH BAY CORRECTIONAL FACILITY,
CORRECTIONS HEALTH CARE (C.H.C.),

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 3, 2016)

Before HULL, MARCUS and DUBINA, Circuit Judges.

PER CURIAM:

## I. BACKGROUND

Appellant, Joel Barcelona ("Barcelona") a Florida state prisoner, filed a *pro se* 42 U.S.C. § 1983 complaint against state prison officials, alleging that the officials denied him adequate medical care.  More specifically, Barcelona alleged that he had lost all hearing in his right ear; that a prison doctor conducted tests and recommended that he be fitted for a hearing aid; and that a non-medical corrections official had refused to authorize payment for the hearing aid because Barcelona could still hear from his left ear.  Barcelona also alleged that he had been denied adequate medical treatment for a fungal disease, which caused him to suffer with a swollen nail.

The case was referred to a magistrate judge who screened Barcelona's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Subsequently, the magistrate judge issued a report and recommendation ("R&R"), recommending dismissal of Barcelona's complaint for failure to state a claim.  The magistrate judge first concluded that Barcelona's loss of hearing in his right ear was not a serious medical need for purposes of a § 1983 claim because Barcelona still had hearing in his left ear.  The magistrate judge then noted that the record contradicted Barcelona's claim of deliberate indifference by prison personnel because he had been attended by a prison doctor and had undergone medical tests on multiple

2

occasions.  Finally, the magistrate judge concluded that Barcelona's sparse, one-sentence allegation of a fungal disease did not state a plausible claim because it did not establish a serious medical condition.

Barcelona objected to the R&R regarding the district court's disposition of his hearing aid claim, but he did not object with regard to the district court's dismissal of his alleged fungal disease claim.[1]  The district court overruled Barcelona's objections, adopted the R&R, and dismissed Barcelona's complaint for failure to state a claim.  Barcelona then perfected this appeal.

## II.  ISSUE

Whether the district court erred in its *sua sponte* dismissal of Barcelona's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

## III. STANDARD OF REVIEW

This court reviews de novo a district court's *sua sponte* dismissal for failure to state a claim under § 1915(e)(2)(B), viewing all of the allegations in the complaint as true and liberally construing *pro se* pleadings.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

---

[1] Not only did Barcelona not address the nail fungal disease in his objections to the magistrate judge's R&R but he also makes no argument in his initial briefs to this court regarding the alleged nail fungus.  Accordingly, we decline to consider this issue because we deem it abandoned.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (issues not briefed on appeal by a *pro se* litigant are deemed abandoned).

3

## IV. DISCUSSION

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976). "[A] serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal quotation marks omitted). "Medical treatment violates the [E]ighth [A]mendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal quotation marks omitted).

Deliberate indifference has three components the plaintiff must satisfy: he must show a prison official's "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotation marks omitted). "Conduct that is more than mere negligence includes:  (1)  grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Id.* A prison official "who delays necessary treatment for non-medical

4

reasons may exhibit deliberate indifference." *Id.* Finally, "[a]n Eighth Amendment violation may also occur when state officials knowingly interfere with a physician's prescribed course of treatment. *Id.*

We conclude from this record that the district court erred in dismissing Barcelona's complaint before the state filed a response or the parties had conducted any discovery in this case. We have opined that "[s]ubstantial hearing loss that can be remedied by a hearing aid can present an objectively serious medical need." *Gilmore v. Hodges*, 738 F.3d 266, 276 (11th Cir. 2013). In *Gilmore*, we concluded that correctional officers could be deemed deliberately indifferent for failing to provide hearing aid batteries to a prisoner who the officers knew required a hearing aid to treat his hearing impediment. *Id.* Even so, "not all hearing loss amounts to a serious medical condition." *Id.* In particular, this court reasoned, that where hearing loss does not prevent a plaintiff from carrying on a conversation or hearing and following directions without a hearing aid, "a court would be hard pressed to classify the plaintiff's impairment as a serious medical need." *Id.* at 276-77.

In his complaint, Barcelona alleged that he had lost hearing in his right ear and that two doctors who examined him prescribed a hearing aid to treat his hearing loss. Assuming the truth of these allegations, which we must, it appears

that Barcelona has stated a non-frivolous claim and that the district court erred in dismissing his complaint under § 1915(e)(2)(B). *Alba*, 517 F.3d at 1252. Though Barcelona might not ultimately succeed on his claim because "not all hearing loss amounts to a serious medical condition," that is not the issue before us. The only issue before us in this appeal is whether the district court erred in *sua sponte* dismissing Barcelona's complaint for failure to state a claim. Barcelona's allegations indicate that although he retains some ability to hear from his left ear, it is not clear from the present undeveloped record that his hearing loss does not prevent him from carrying on a conversation or hearing and following directions from correctional officers. We deem the allegations in Barcelona's complaint as falling between the two sets of circumstances described in *Gilmore* – substantial hearing loss that can be remedied by a hearing aid, and hearing loss that does not prevent a prisoner from carrying on a conversation or hearing directions from correctional officers without a hearing aid – and this court has not yet addressed whether a prisoner's loss of hearing in one ear, which leads a doctor to prescribe a hearing aid, is insufficient to constitute a serious medical need where the prisoner retains some level of hearing in his other ear.

Regarding his claim of deliberate indifference, Barcelona alleged in his complaint that prison officials became aware of his hearing loss after providing

6

him multiple medical consultations, but failed to provide him with a hearing aid. Again, accepting the truth of these allegations, which we must, we conclude that Barcelona has made a non-frivolous argument that the failure to provide him a hearing aid was "more than mere negligence" because, although the medical care he was provided was sufficient to diagnose his hearing loss, it could plausibly be argued that the failure to provide him a hearing aid "amount[ed] to no treatment at all" because a hearing aid was the only prescribed treatment for his impediment. *Bingham*, 654 F.3d at 1176.  His assertion that a non-medical official denied him a hearing aid for non-medical reasons does not preclude his present claim because this court has noted that a prison official's interference with, or delay of, prescribed medical treatment can constitute deliberate indifference.  *Id.*  Therefore, we conclude the district court erred by *sua sponte* dismissing Barcelona's complaint under § 1915(e)(2)(B) before a response from the state and any discovery.

Accordingly, for the aforementioned reasons, we vacate the district court's order adopting the magistrate judge's R&R and remand this case for further proceedings consistent with this opinion.

VACATED and REMANDED.

7