[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14305
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cv-80102-RLR


JOEL BARCELONA,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF
CORRECTIONS,
WARDEN, SOUTH BAY CF,
EWOOD FNU,
Corrections Health Care,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 2, 2021)

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Joel Barcelona, a prisoner in the custody of the Florida Department of Corrections ("FDOC"), appeals from the district court's grant of summary judgment against him in a 42 U.S.C. § 1983 lawsuit.  Barcelona claims that prison officials were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment, because they refused to provide him with a hearing aid for his right ear.  The district court found that the officials were entitled to qualified immunity because Barcelona only suffered from hearing loss in one ear and did not have a clearly established right to a hearing aid under *Gilmore v. Hodges*, 738 F.3d 266 (11th Cir. 2013).  Because Barcelona did not have a clearly established right to a hearing aid, we affirm.

## I.     Background

### A.     Facts

Barcelona has been in the custody of the FDOC since March 21, 2005.  On June 6, 2014, after he reported that he had experienced hearing loss to prison officials, Barcelona was seen by Dr. Arthur G. Zinaman, an audiologist.  Dr. Zinaman found that Barcelona had asymmetrical hearing loss—"a profound

2

hearing loss in the right ear and only mild hearing loss in the left ear."[1]  Based on his observations, Dr. Zinaman noted that "Barcelona's left ear would be a candidate for a hearing aid for overall hearing due to the lack of hearing in the right ear."  On August 12, 2014, Dr. Zinaman issued a second report noting that "[a] mild gain device for the left ear may be beneficial . . . . Alternatively, a power instrument for the right ear may provide speech and environmental awareness with possible transcranial effect."

On August 22, 2014, Dr. Raymond Herr, the Chief Medical Officer for Corrections Healthcare Companies, reviewed Barcelona's request for a hearing aid for his right ear.  Dr. Herr denied Barcelona's request, finding that:

> Based on the audiometry results and the adequacy of the hearing levels in Mr. Barcelona's left ear, he did not meet the medical criteria guidelines for bilateral hearing loss under HSB 15.03.27(G)(2)(a)-(b)[2] and therefore Mr. Barcelona was not a candidate for a hearing aid.  Additionally, based upon the audiometry results for the right ear, and the profound hearing loss, it was not medically probable that a power instrument device for the right ear could have remedied Mr. Barcelona's conditions.

On September 24, 2014, Barcelona filed a formal grievance with prison officials, asserting that the decision not to provide him with a hearing aid was

---

[1]  "Profound" hearing loss is the most impaired level; "mild" hearing loss is the least impaired level.

[2]  Health Services Bulletin No. 15.03.27 provided that a hearing aid recipient "must have a bilateral (both ears) hearing loss.  A recipient who has a unilateral (one ear) hearing loss is not eligible for services."

inadequate medical care in violation of the Eighth Amendment and requesting that the prison provide him a hearing aid for his right ear. Dr. Jules Heller, the medical director for the prison, prepared a response, noting that:

> Records indicate you only have hearing loss in your right ear. Per policies and procedures, in order to be eligible for services, the recipient must have a bilateral (both ears) hearing loss. A referral was submitted, but denied because you do not meet this criteria based on your evaluation with the audiologist. Based on the above information your grievance is denied.

The Warden signed off on the response and denied Barcelona's grievance. Barcelona submitted an administrative appeal to the Secretary of the Department of Corrections, but the appeal was returned "without action" because it was untimely. On November 16, 2014, Barcelona filed another formal grievance regarding the decision, which was also denied, as was the subsequent appeal.

B.    Procedural History

On January 29, 2015, Barcelona filed a *pro se* complaint against the Secretary of the Florida Department of Corrections and the Warden, alleging that prison officials had violated his Eighth Amendment rights by denying him a hearing aid for his right ear, which had profound hearing loss.[3] Barcelona's

---

[3] The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII; *see Thomas v. Bryant*, 614 F.3d 1288, 1303 (11th Cir. 2010) (noting that "[t]he Eighth Amendment's prohibition against cruel and unusual punishment" was made applicable to the States "through the Due Process Clause of the Fourteenth Amendment"). "In the prison context . . . [t]he Eighth Amendment can give rise to claims challenging . . . the deliberate indifference to a prisoner's serious medical needs." *Thomas*, 614 F.3d at 1303–04. "To prevail on a claim of deliberate

complaint was screened by a magistrate judge, who recommended dismissing the case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). The magistrate judge found that Barcelona's hearing loss was "not so severe as to constitute a serious medical need" because "[w]hile it is undisputed from the record that [Barcelona] in fact suffers from a hearing loss in his right ear, it is equally clear that he does have hearing in his left ear." The district court adopted the magistrate judge's recommendation and *sua sponte* dismissed the case. Barcelona then appealed.

On appeal, we vacated the district court's decision and remanded the case for further proceedings, holding that, "[a]ssuming the truth of [Barcelona's] allegations . . . it appears that Barcelona has stated a non-frivolous claim and that the district court erred in dismissing his complaint under § 1915(e)(2)(B)." *Barcelona v. Sec'y, Fla. Dep't of Corr.*, 657 F. App'x 896, 898 (11th Cir. 2016). Nevertheless, we noted that "this court has not yet addressed whether a prisoner's loss of hearing in one ear, which leads a doctor to prescribe a hearing aid, is insufficient to constitute a serious medical need where the prisoner retains some level of hearing in his other ear." *Id*. at 898–99.

---

indifference to serious medical need . . . a plaintiff must show: (1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir. 2010) (quotation omitted; alteration adopted).

On remand, Barcelona filed an amended complaint, alleging that Herr,[4] the Secretary of the Department of Corrections, and the Warden (the "defendants") violated his Eighth Amendment rights, in both their individual and official capacities, through deliberate indifference to his serious medical needs. As relief, Barcelona sought compensatory damages against each defendant. After discovery, the defendants moved for summary judgment, arguing that Barcelona failed to show that they were deliberately indifferent to his serious medical needs, that they were entitled to absolute immunity for the claims against them in their official capacities, and that they were entitled to qualified immunity for the claims against them in their individual capacities. Barcelona opposed the motion.

The district court granted the defendants' motion for summary judgment. As relevant to this appeal, it found that the defendants were "protected by qualified immunity" in their individual capacities.[5] First, the district court noted that Barcelona did "not dispute that the [d]efendants were acting within their discretionary authority in declining to authorize a hearing aid." Second, the district court determined that "the constitutional question of whether [Barcelona's]

---

[4] Barcelona's complaint initially identified Herr as "FNU Ewood." When it was subsequently determined that Herr was "FNU Enwood," Herr was substituted in his place.

[5] The district court also found that the defendants were "absolutely immune from suits for damages" in their official capacities due to state sovereign immunity, but we do not address this issue because Barcelona does not challenge the district court's grant of summary judgment to the defendants on his official capacity claims.

asymmetrical hearing loss constituted a serious medical need" was not clearly established in 2014 when Barcelona's hearing aid request was denied. Barcelona timely appealed.

## II.    Analysis

We review the district court's grant of summary judgment on qualified immunity grounds *de novo*, "drawing all inferences and viewing all of the evidence in a light most favorable to the nonmoving party." *Gilmore*, 738 F.3d at 272. "To establish the defense of qualified immunity, the burden is first on the defendant to establish that the allegedly unconstitutional conduct occurred while he was acting within the scope of his discretionary authority."[6] *Estate of Cummings v. Davenport*, 906 F.3d 934, 940 (11th Cir. 2018) (quoting *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1281 (11th Cir. 1998)).

Once an official has proved that he acted within the scope of his discretionary authority, "the burden shifts to the plaintiff to satisfy the following two-pronged inquiry: (1) whether the facts that a plaintiff has shown make out a violation of a constitutional right; and (2) whether the right at issue was clearly established at the time of the defendant's alleged misconduct." *Gilmore*, 738 F.3d

---

[6] "To establish that the challenged actions were within the scope of his discretionary authority, a defendant must show that those actions were (1) undertaken pursuant to the performance of his duties, and (2) within the scope of his authority." *Estate of Cummings*, 906 F.3d at 940 (quoting *Harbert Int'l*, 157 F.3d at 1282).

at 272.  We may consider the two prongs in any order.  *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

"A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quotation omitted).  "[T]o determine whether the right in question was clearly established at the time of the violation," we look to "cases from the United States Supreme Court, the Eleventh Circuit, and the highest court of the state under which the claim arose." *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011).  Although "[w]e do not require a case directly on point . . . existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).  The precedent "must be 'particularized' to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 552 (2017).  In other words, "[t]he salient question . . . is whether the state of the law gave the defendants fair warning that their alleged conduct was unconstitutional." *Vaughan v. Cox*, 343 F.3d 1323, 1332 (11th Cir. 2003) (quotation omitted).

A.    Scope of the Defendants' Discretionary Authority

Barcelona argues that the defendants were not acting within the scope of their discretionary authority when they denied his requests for a hearing aid for his right ear.  But he failed to raise this argument below in his response to the

8

defendants' motion for summary judgment and has thus forfeited the argument.[7]

*See Hall v. Flournoy*, 975 F.3d 1269, 1277 n.3 (11th Cir. 2020).

B.    Clearly Established Law

Barcelona next argues that it was clearly established by *Gilmore* that

asymmetrical hearing loss is a serious medical need.  Although we held in *Gilmore*

that "significant and substantial hearing loss that can be remedied by a hearing aid

is a serious medical need," that case involved bilateral hearing loss, not

asymmetrical hearing loss.  738 F.3d at 269, 278.  Barcelona does not dispute that

*Gilmore* can be distinguished from this case on those grounds; instead, he claims

that the difference between the two cases "is trivial at best."  We disagree.

As we previously noted in this case, the Eleventh Circuit "[has] not yet

addressed whether a prisoner's loss of hearing in one ear, which leads a doctor to

prescribe a hearing aid, is insufficient to constitute a serious medical need where

the prisoner retains some level of hearing in his other ear."  *Barcelona*, 657

F. App'x at 898–99.  Nevertheless, even without regard to our previous statement,

---

[7] Even if he had not forfeited this argument, "objective circumstances . . . compel the conclusion that [the defendants'] actions were undertaken pursuant to the performance of [their] duties and within the scope of [their] authority."  *Estate of Cummings*, 906 F.3d at 940 (quotation omitted).  Namely, Barcelona claims that the defendants violated his constitutional rights by denying his requests for a hearing aid.  Supervising the medical care of inmates and resolving prison grievances are actions that are plainly within the duties and the authority of the defendants.  *See, e.g.*, Fla. Stat. § 944.14 ("Subject to the orders, policies, and regulations established by the department, it shall be the duty of the wardens to supervise the government, discipline, and policy of the state correctional institutions, and to enforce all orders, rules and regulations."); *see also Estate of Cummings*, 906 F.3d at 940.

we independently conclude that *Gilmore* did not give the defendants fair warning that their alleged conduct was unconstitutional because asymmetrical hearing loss is a substantively different impairment from bilateral hearing loss. *See Gilmore*, 738 F.3d at 276–77 ("Thus, for instance, if a plaintiff can 'carry on a normal conversation' and hear and follow directions without the use of a hearing aid, a court would be hard pressed to classify the plaintiff's impairment as a serious medical need." (quotation omitted)). Barcelona does not point to any other precedent that would have put the defendants on notice that their failure to provide a hearing aid to him for his asymmetrical hearing loss was unconstitutional. Accordingly, Barcelona has failed to show that the defendants violated a clearly established right because "existing precedent [has not] placed the . . . constitutional question beyond debate." *Ashcroft*, 563 U.S. at 741. Consequently, the defendants are entitled to qualified immunity.

### III.    Conclusion

For these reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED.**

10